2016-0222 (La.App. 1 Cir. 10/31/16)

**Randolph BARNETT**

v.

**CITY OF BATON ROUGE, Parish of East Baton Rouge, through the Department of Public Works and the State of Louisiana, through the Department of Transportation and Development**

**2016 CA 0222**

Court of Appeal of Louisiana,
First Circuit.

OCTOBER 31, 2016

Anne Marie Muller, Baton Rouge, Louisiana, Counsel for Plaintiff/Appellant, Randolph Barnett

Lea Anne Batson, Parish Attorney, Arthur Howell Andrews, Gwendolyn K. Brown, Special Assistant Parish Attorneys, Baton Rouge, Louisiana, Counsel for Defendant/Appellee, City of Baton Rouge, Parish of East Baton Rouge, through the Department of Public Works

BEFORE: WHIPPLE, C.J., GUIDRY, AND McCLENDON, JJ.

McCLENDON, J.

|₂Appellant seeks review of a trial court's judgment granting summary judgment in favor of the defendant and dismissing appellant's lawsuit without prejudice in favor of the defendant. For the following reasons, we reverse.

### FACTS AND PROCEDURAL HISTORY

This action for personal injuries arises out of a single vehicle accident that occurred in January 2013 on North Foster Drive in East Baton Rouge Parish. Plaintiff, Randolph Barnett, was driving a Ford F-150 when an overhead school zone traffic control signal suspended over the subject roadway crashed onto the front of his vehicle and into his windshield. In January 2014, Mr. Barnett timely filed suit against the City of Baton Rouge and Parish of East Baton Rouge, through the Department of Public Works (hereinafter "City-Parish").[1]

---

1. Mr. Barnett also named the State of Louisiana, through the Department of Transportation and Development, as a defendant. Mr. Barnett later voluntary dismissed the referenced defendant from the litigation without prejudice.

In May 2015, the City-Parish filed a motion for summary judgment. In support of its motion, the City-Parish attached the affidavit of Charles Washington, the signal shop supervisor for the Department of Public Works. Washington attested that the accident was caused by the sign's collar, a device used to attach signs to overhead signal arms, which had broken and caused the sign to fall. Mr. Washington indicated that it likely had broken because of damage received in a thunderstorm/windstorm, including 31-mile-per-hour gusts, that occurred earlier that day. Mr. Washington opined that the break was not the type that would have developed over time or could have been detected by simple inspection but rather was likely a result of "being gyrated and flung about in the thunderstorm which damage gradually worsened in time until it resulted in the failure of the collar." Mr. Washington further attested that there had been no prior notice "concerning anything unusual or untoward with this signage that could have developed into a hazardous condition" until the City-Parish received the call about Mr. Barnett's accident. In light of the foregoing, the City-Parish asserted that Mr. Barnett could not meet his burden of proof to show that the City-Parish was negligent or had actual or constructive notice of any alleged defect.

In opposition to the City-Parish's motion for summary judgment, Mr. Barnett introduced the expert report of Leroy Blanchard, a mechanical engineer employed by Piping Analysis Incorporated Engineering.[2] According to Mr. Blanchard, the school zone sign assembly "contain[s] screw threads that result in a loose fit, requiring set screws to prevent backing out." Mr. Blanchard indicated that the diameter of the screw threads is significantly less than the actual pipe's outside diameter. This resulted in a thinner cross sectional area at the root of the threads, creating a structural discontinuity and resulting in a "weak point" in the supporting pipe. Mr. Blanchard also opined that the sign should be capable of withstanding hurricane force winds as outlined in the American Society of Civil Engineers (ASCE) wind-loading criteria, which is much greater than the 31-mile-per-hour gusts to which the City-Parish attributed the failure. Mr. Blanchard further attested that "[i]t is more likely than not that the failure that resulted in personal injury and property damage ... was a result of fatigue failure from misapplication of engineered products being exposed to cyclical loading for which they were not designed."

Following a hearing on the City-Parish's motion for summary judgment, the trial court granted the motion, reasoning as follows:

> This is an unfortunate accident no doubt, and it is a serious situation, but in this case the plaintiff has not shown that the [City-Parish] had any constructive or actual knowledge of the defect, nor have they shown that they were given an opportunity to repair or correct; therefore, the plaintiff would not be able to meet [his] burden of proof at trial, so I am going to grant the motion for summary judgment, dismiss the City/Parish of Baton Rouge with prejudice.

---

2. Louisiana Code of Civil Procedure article 966F(2) and (3), prior to amendment by Acts 2015, No. 422, § 1, provided that evidence attached to an opposition memorandum is deemed admitted unless an objection is made in a memorandum or by written motion to strike. Here, Mr. Blanchard's report was attached to Mr. Barnett's opposition memorandum and the City-Parish did not raise an objection to the report by memorandum or by written motion to strike. Accordingly, we will consider this report in our *de novo* review of the judgment granting the motion for summary judgment.

The trial court signed a judgment accordingly. Mr. Barnett has appealed, presenting the following assignments of error:

1. The trial court erred by granting defendant, City-Parish's Motion for Summary Judgment because genuine issues of material fact exist.

2. The trial court erred by granting defendant, City of Baton Rouge[-] Parish of East Baton Rouge's Motion for Summary Judgment based on the court's own factual determination that the plaintiff Randolph ⌊4Barnett could not prove actual or constructive notice at the time of trial and therefore, could not meet [his] burden of proof.

## DISCUSSION

A motion for summary judgment shall be granted only if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. LSA–C.C.P. article 966B(2). In determining whether summary judgment is appropriate, appellate courts review evidence *de novo* under the same criteria that govern the trial court's determination of whether summary judgment is appropriate. **Temple v. Morgan**, 15–1159 (La.App. 1 Cir. 6/3/16), 196 So.3d 71, 76.

The burden of proof is on the mover. See LSA–C.C.P. art. 966C(2). However, if the mover will not bear the burden of proof at trial on the matter that is before the court on the motion, the mover's burden does not require that all essential elements of the adverse party's claim, action, or defense be negated. Instead, the mover must point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, the adverse party must produce factual evidence sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. If the adverse party fails to meet this burden, there is no genuine issue of material fact, and the mover is entitled to summary judgment as a matter of law. LSA–C.C.P. art. 966C(2); **Temple**, 196 So.3d at 76. Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to this case. **Tomaso v. Home Depot, U.S.A., Inc.**, 14–1467 (La.App. 1 Cir. 6/5/15), 174 So.3d 679, 681.

▮ A public entity's liability for a defective thing within its custody or care is ordinarily analyzed under LSA–R.S. 9:2800C. **Broussard v. State ex rel. Office of State Bldgs.**, 12–1238 (La. 4/5/13), 113 So.3d 175, 181. Louisiana Revised Statutes 9:2800C provides in pertinent part:

[N]o person shall have a cause of action based solely upon liability imposed under Civil Code Article 2317 against a public entity for damages ⌊5caused by the condition of things within its care and custody unless the public entity had actual or constructive notice of the particular vice or defect which caused the damage prior to the occurrence, and the public entity has had a reasonable opportunity to remedy the defect and has failed to do so.

Therefore, for a plaintiff to succeed in an action against a public entity based on the condition of property for which it allegedly had responsibility, the plaintiff must show that (1) the property causing the damage was in the custody of the public entity; (2) the property was defective due to a condition that created an unreasonable risk of harm; (3) the public entity had actual or constructive knowledge of the risk; and (4) the defect was a cause-in-fact of the plain-

tiff's injury. **Toston v. Pardon,** 03–1747 (La. 4/23/04), 874 So.2d 791, 798–99. However, when the public entity creates the defective condition by its own substandard conduct, it is presumed to have knowledge of the hazardous condition. **Whatley v. City of Winnfield,** 35,132 (La.App. 2 Cir. 12/5/01), 802 So.2d 983, 986, writ denied, 02–0015 (La. 3/22/02), 811 So.2d 939; see also **Falcon v. La. Dep't of Transp.,** 13–1404 (La.App. 1 Cir. 12/19/14), 168 So.3d 476, 485, writ denied, 15–0133 (La. 4/10/15), 163 So.3d 813 (where this court explained that the public entity involved had a "duty to know what it should have known and take corrective measures based on that knowledge.")

■ In its motion for summary judgment, the City-Parish does not dispute that it had custody of the sign at issue nor does it dispute that the sign created an unreasonable risk of harm. Moreover, the City-Parish does not dispute that its sign caused the accident. However, the City-Parish, in its motion for summary judgment, contends that Mr. Barnett could not meet the third requirement to show that the City-Parish had notice, either actual or constructive, of any defect and subsequently failed to take corrective action within a reasonable time as required by LSA-R.S. 9:2800C. The City-Parish also contends, as reflected in Mr. Washington's affidavit, that it received no actual notice of any deficiency in the sign at issue. Further, the City-Parish avers that Mr. Barnett cannot show that the condition, which caused the sign to fall, was in existence for a significant period of time to impute the City-Parish with constructive knowledge of the condition. Specifically, the City-Parish notes that Mr. Washington attested that the break was not the type that would have developed over time or could |₆have been detected by simple inspection but was caused by "being gyrated and flung about in the thunderstorm." The City-Parish contends that Mr. Barnett offered no

countervailing evidence to suggest that he would be able to meet his burden of proving that the defect existed for a sufficient period of time such that it should have been discovered or repaired if the City-Parish had exercised reasonable diligence.

In response, Mr. Barnett argues that he is not required to prove notice, because the City-Parish created the dangerous condition and is charged with knowledge of that condition. Specifically, in his report, Mr. Blanchard noted that the school zone traffic control sign failed due to cyclical loading for which it was not designed. Mr. Blanchard opined that the City-Parish was negligent in purchasing and installing the subject fixture given the wind loads of the Baton Rouge area.

The City-Parish has not addressed the assertions made in Mr. Blanchard's report that the sign selected was not sufficient to withstand the Baton Rouge area storm and wind conditions and Mr. Barnett's argument that the City therefore created the defect. Mr. Blanchard's report creates a genuine issue of material fact regarding whether the City-Parish created the defective condition by its own substandard conduct in selecting and installing a potentially deficient sign in the Baton Rouge area. If established, under the current jurisprudence, either actual or constructive notice need not be proven or such knowledge of the hazardous condition could be presumed. Therefore, we conclude that the trial court erred in granting summary judgment on the issue of notice.

## CONCLUSION

For the foregoing reasons, the trial court's December 9, 2015 judgment granting the City-Parish's motion for summary judgment and dismissing Mr. Barnett's claims is reversed and the matter is remanded to the trial court. Costs of this appeal in the amount of $701.50 are as-

sessed to the City of Baton Rouge/Parish of East Baton Rouge.

**REVERSED AND REMANDED.**