STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

* * * * * * *

2018 CA 1587

KRYSTAL TILLEY,
INDIVIDUALLY AND ON BEHALF OF ELIJAH TILLEY

VERSUS

CITY OF WALKER, CITY OF WALKER PARKS AND RECREATION,
CITY OF WALKER DEPARTMENT OF PUBLIC WORKS
AND PARISH OF LIVINGSTON

JUDGMENT RENDERED: **DEC 3 0 2019**

* * * * * * *

Appealed from the
Twenty-First Judicial District Court
In and for the Parish of Livingston • State of Louisiana
Docket Number C153573 • Section C

The Honorable Robert H. Morrison, III, Judge Presiding

* * * * * * *

David M. Lefeve
Baton Rouge, Louisiana

ATTORNEY FOR APPELLANT
PLAINTIFF—Krystal Tilley,
individually and on behalf of
Elijah Tilley

Christopher M. Moody
Albert D. Giraud
Hammond, Louisiana

ATTORNEYS FOR APPELLEE
DEFENDANT—City of Walker

* * * * * * *

BEFORE: WELCH, CHUTZ, AND LANIER, JJ.

JEW
WRC by JEW
w/L by JEW

**WELCH, J.**

The plaintiff, Krystal Tilley—individually and on behalf of her minor child, Elijah Tilley—appeals the trial court's judgment granting the City of Walker's motion for summary judgment. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

On October 15, 2015, Elijah Tilley was playing on a seesaw at C.E. "Punk" Smith Memorial Park in Walker, Livingston Parish, Louisiana. At some point while riding the seesaw, the seesaw broke, and Elijah fell to the base of the seesaw and suffered a broken right arm, which required surgery. Ms. Tilley subsequently brought suit against the City of Walker, the City of Walker Parks and Recreation, the City of Walker Department of Public Works, and the Parish of Livingston. The City of Walker ("City")[1] answered the petition, asserting general denials except admitting that it owned the park where the accident occurred. The City alleged that it had no actual or constructive notice of any defective condition, that any purported defect did not rise to the level of creating an unreasonable risk of harm, and therefore, it was not liable under La. R.S. 9:2800. Further, the City asserted that it was entitled to immunity as a public entity under La. R.S. 9:2791, 2798.1, and 2795.

The City moved for summary judgment, contending that there was no genuine issue of material fact because there was no defect in the seesaw in question; the City had no actual or constructive knowledge of any alleged defect; and the alleged defect was not the cause-in-fact of the plaintiff's injury. The City also argued that because the park is open to the public on a non-profit basis for recreational use, it was entitled to immunity pursuant to La. R.S. 9:2795.

---

[1] The City stated that claims against the City of Walker Parks and Recreation and the City of Walker Department of Public Works are actually claims against the City because the Parks and Recreation and Department of Public Works are not separate entities apart from the City and have no capacity to be sued.

2

Ms. Tilley opposed the City's motion, offering an expert report to establish a genuine issue of material fact as to whether the seesaw was defective, the City had constructive notice, and causation. Ms. Tilley also filed a motion to compel the City to make the seesaw available to Ms. Tilley's expert for additional inspection, which the trial court granted in a judgment signed April 11, 2018.

On Friday, June 1, 2018, Ms. Tilley faxed a copy of her expert's supplemental report to the trial court and the City. On Monday, June 4, 2018, the trial court held a hearing on the City's motion for summary judgment. The City objected to the late-filed expert report by Ms. Tilley. Following the hearing, the trial court took the matter under advisement. On July 10, 2018, the trial court signed a judgment granting the City's motion for summary judgment and dismissing Ms. Tilley's claims against the City, with prejudice. The trial court also issued reasons for judgment.

Ms. Tilley filed a devolutive appeal of the June 10, 2018 judgment. After the appeal was lodged, Ms. Tilley filed a motion to supplement the trial court's record with an affidavit of her expert and her expert's supplemental report. The trial court granted Ms. Tilley's motion expressly noting that "per communication with [the City's] counsel, there [was] no objection to the supplement."

## LAW AND DISCUSSION

### *Motion for Summary Judgment*

A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine issue of material fact. **Georgia-Pacific Consumer Operations, LLC v. City of Baton Rouge**, 2017-1553 (La. App. 1st Cir. 7/18/18), 255 So. 3d 16, 21, writ denied, 2018-1397 (La. 12/3/18), 257 So. 3d 194. After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there

3

is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3).

The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. La. C.C.P. art. 966(D)(1).

Appellate courts review evidence *de novo* using the same criteria that govern the trial court's determination of whether summary judgment is appropriate. Thus, appellate courts ask the same questions: whether there is any genuine issue of material fact and whether the mover is entitled to judgment as a matter of law. Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. **Georgia-Pacific Consumer Operations, LLC**, 255 So. 3d at 22.

### *Liability for Public Bodies*

In her petition for damages, Ms. Tilley asserted tort claims against the City, which are rooted in the general principles of negligence found in La. C.C. arts. 2315, 2316, 2317, 2317.1 (liability for damage caused by a defective thing), and 2320 (liability for acts of servants, students, or apprentices). Louisiana courts have adopted a duty-risk analysis in determining whether to impose liability under the general negligence principles as set forth in the Civil Code. See **Brewer v. J.B. Hunt Transport, Inc.**, 2009-1408 (La. 3/16/10), 35 So.3d 230, 240. In order for

4

liability to attach under the duty-risk analysis, the plaintiffs must prove the following separate elements: (1) duty; (2) breach; (3) causation; and, (4) damages. **Stafford v. Exxon Mobile Corp.**, 2016-1067 (La. App. 1st Cir. 2/17/17), 212 So. 3d 1257, 1262, writ denied, 2017-0447 (La. 4/24/17), 221 So. 3d 67. In an action to recover damages for injuries allegedly caused by another's negligence, the plaintiff has the burden of proving negligence on the part of the defendant by a preponderance of the evidence. **Hanks v. Entergy Corp.**, 2006-477 (La. 12/18/06), 944 So. 2d 564, 578.

A public entity's liability for a defective thing within its custody or care is ordinarily analyzed under La. R.S. 9:2800. **Broussard v. State ex rel. Office of State Bldgs.**, 2012-1238 (La. 4/5/13), 113 So. 3d 175, 181. Louisiana Revised Statutes 9:2800 states, in pertinent part:

> C. Except as provided for in Subsections A and B of this Section, no person shall have a cause of action based solely upon liability imposed under Civil Code Article 2317 against a public entity for damages caused by the condition of things within its care and custody unless the public entity had actual or constructive notice of the particular vice or defect which caused the damage prior to the occurrence, and the public entity has had a reasonable opportunity to remedy the defect and has failed to do so.
>
> D. Constructive notice shall mean the existence of facts which infer actual knowledge.

Thus, in order to prove the liability of the City based on an alleged defective condition of the seesaw, Ms. Tilley must prove: (1) that the defendants owned or had custody of the thing (the seesaw) which caused the damage; (2) the thing (the seesaw) was defective in that it created an unreasonable risk of harm to others; (3) the defendants had actual or constructive knowledge of the defect or risk of harm and failed to take corrective action within a reasonable time; and (4) the defect was the cause-in-fact of the plaintiff's injury. **Barnett v. City of Baton Rouge**, 2016-0222 (La. App. 1st Cir. 10/31/16), 206 So. 3d 904, 907-08, writ denied, 2016-2142 (La. 1/13/17), 215 So. 3d 256.

5

The City argued that Ms. Tilley lacked factual support for the second, third, and fourth elements of her claim—that there were no genuine issues of material fact that the seesaw was not defective, the City had no actual or constructive knowledge of any alleged defect, and there was no causation. See La. C.C.P. art. 966(D)(1). In support of its motion, the City attached Ms. Tilley's petition for damages; the affidavit of Traci Westmoreland, the director of Parks for the City; Ms. Tilley's answers to the City's interrogatories; Ms. Tilley's responses to the City's request for production of documents; and excerpts of the deposition of Ms. Tilley.

The City argued that as evidenced by her discovery responses and deposition, Ms. Tilley did not produce any proof of any actual defect in the seesaw nor in the element of causation. There was no witness to the incident to testify as to what happened on the date of the incident. Ms. Tilley was not present at the scene of the accident on the day in question, and the caregiver who was present with Elijah Tilley on the date of the accident did not actually witness the accident.

Regarding constructive notice, Ms. Westmoreland stated that as the Director of Parks for the City of Walker, any complaints about problems with playground equipment in the City's parks and playgrounds are directed to her office and that she has access to all records of her department. She stated that after reviewing her department's records regarding complaints about playground equipment at Punk Smith Park, there was no record of any complaints received by her office of any purported problems with the seesaw in question prior to October 15, 2015. Ms. Westmoreland stated that while there is no formal inspection procedure regarding each and every piece of playground equipment within the City's parks, she and her staff frequent the parks and have observed no issues with the seesaw in question prior to October 15, 2015 accident at issue.

6

Ms. Tilley opposed the City's motion for summary judgment, attaching an affidavit and expert report of Dr. Thomas C. Shelton (filed March 16, 2018),[2] and later supplementing her opposition with the supplemental expert report of Dr. Shelton.[3] She argued that Dr. Shelton's opinions expressed in his reports established the existence of a genuine issue of material fact as to whether the seesaw was defective and whether the City had constructive notice of such defects.

---

[2] Dr. Shelton's original expert report—dated January 28, 2018 and filed March 16, 2018—was not attached to an affidavit. Louisiana Code of Civil Procedure articles 966 and 967 do not permit a party to utilize unsworn and unverified documents as summary judgment evidence. Thus, a document that is not an affidavit or sworn to in any way, or is not certified or attached to an affidavit, has no evidentiary value on a motion for summary judgment. Therefore, in meeting the burden of proof, unsworn or unverified documents, such as letters or reports, annexed to motions for summary judgment are not self-proving and will not be considered; attaching such documents to a motion for summary judgment does not transform such documents into competent summary judgment evidence. **Bunge North America, Inc. v. Bd. of Commerce & Indus. & Louisiana Dept. of Econ. Dev.**, 2007-1746 (La. App. 1st Cir. 5/2/08), 991 So. 2d 511, 527, writ denied, 2008-1594 (La. 11/21/08), 996 So. 2d 1106. However, Ms. Tilley supplemented the trial court's record with Dr. Shelton's affidavit dated March 16, 2018—which cures any defect in the admissibility of the original expert report as competent summary judgment evidence for purposes of our review on appeal.

Furthermore, the City did not object to Dr. Shelton's original expert report. Louisiana Code of Civil Procedure article 966(D)(2) provides that the court shall consider any documents filed in support of or in opposition to the motion for summary judgment to which no objection is made. Article 966(D)(2) further provides that "[a]ny objection to a document shall be raised in a timely filed ... reply memorandum." Since Dr. Shelton's original expert report was not objected to in accordance with La. C.C.P. art. 966(D)(2), i.e., by raising the objection "in a timely filed ... reply memorandum," it must be accepted by the court. See **Mariakis v. North Oaks Health Sys.**, 2018-0165 (La. App. 1st Cir. 9/21/18), 258 So. 3d 88, 96.

[3] The City objected to the supplemental expert report offered by Ms. Tilley during the June 4, 2018 hearing on its motion for summary judgment, arguing that it was not filed timely and that it was unsworn and unverified, and therefore, not competent summary judgment evidence. Louisiana Code of Civil Procedure article 966(A)(4) provides that the only documents that may be filed in support of or in opposition to the motion are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions. Article 967(A) provides that affidavits may be supplemented by depositions, answers to interrogatories, or by further affidavits. Dr. Shelton's expert report does not fall into any of those categories. A document that is not an affidavit or sworn to in any way, or is not certified or attached to an affidavit, has no evidentiary value on a motion for summary judgment. **Unifund CCR Partners v. Perkins**, 2012-1851 (La. App. 1st Cir. 9/25/13), 134 So.3d 626, 632. However, La. C.C.P. art. 966(D)(2) provides that the court shall consider any documents filed in support of or in opposition to the motion for summary judgment to which no objection is made. Article 966(D)(2) further provides that "[a]ny objection to a document shall be raised in a timely filed ... reply memorandum." The law is well settled that the trial court cannot make credibility determinations, evaluate testimony, or weigh conflicting evidence in making its decision whether to grant or deny a motion for summary judgment. **Adolph v. Lighthouse Prop. Ins. Corp.**, 2016-1275 (La. App. 1st Cir. 9/8/17), 227 So. 3d 316, 321. Thus, since Dr. Shelton's supplemental expert report was not objected to in accordance with La. C.C.P. art. 966(D)(2), i.e., by raising the objection "in a timely filed ... reply memorandum," it must be accepted by the court. See **Mariakis**, 258 So. 3d at 96.

7

In his reports, Dr. Shelton noted that the seesaw at issue was made of a base attached to a swing set with the space for two seesaws. At some point after the October 15, 2015 accident, the City removed the component parts of the two seesaws from the base attached to the swing set and relocated them to a storage facility of the Department of Public Works. Dr. Shelton stated that each seesaw consisted of a set of rails with a seat at each end, four cross braces between the rails, a fulcrum, and a chain. The fulcrum consisted of two plates with three circular grooves machined into them. The plates were attached to the rails using bolts that were threaded into the rail. There was a cross brace located on each end of the fulcrum plates with a retaining chain attached by bolts to the center of the cross brace. When the rails were mounted on the base, the grooved slots in the fulcrum fit over the rails allowing the seesaw to pivot. Two brackets were mounted on the swing set base at each location for the rails. The metal brackets fit against the sides of the fulcrum and prevented the seesaw from sliding from side to side along the base.

Dr. Shelton opined that at least one of the two seesaw units had been previously repaired as evidenced by welds; at least one fulcrum plate on each seesaw was mechanically unstable; missing bolts from the fulcrum plates resulted in the sliding of the fulcrum plates from side to side; worn areas on the rails indicated mechanical instability, and that sliding from side to side of the fulcrum plates would result in twisting and tilting of the seesaw. He further opined that worn surfaces were indicative of long-term process and that the bolts between the fulcrum and the rails had been loose for a significant length of time.

Based on our *de novo* review, we find that Ms. Tilley has met her burden as the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact as to whether the seesaw was defective and whether the City had constructive notice of any alleged defect. See La. C.C.P. art. 966(D)(1) and La. R.S. 9:2800(C). Ms. Tilley established through Dr. Shelton's expert opinion

8

that the seesaw was mechanically unstable based on missing bolts from the fulcrum plates, worn surfaces, and loose rails that would cause the seesaw to twist and tilt, evidencing a defect. Furthermore, Dr. Shelton's opined that the seesaw had been repaired as evidenced by the weld. This creates a genuine issue of material fact as to whether the City, as owner of the park and equipment therein, previously repaired that seesaw meaning it had actual or constructive notice of a defective condition. Whether the City had constructive notice of any alleged defect is also supported by Dr. Shelton's opinion that the worn surfaces indicate that loose bolts between the fulcrum and the rails on the seesaws had been loose for a significant length of time.

However, Ms. Tilley has not met her burden as the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact as to causation. Ms. Tilley offered no evidence as to what actually caused the accident. While her expert's reports establish genuine issues of fact as to the seesaw's alleged defective condition and whether the City had constructive notice, her expert did not opine as to the causation of her minor son's injuries. As noted by the trial court in its reasons for judgment, "there is nothing to connect [Dr. Shelton's] observations as a cause of this incident." Ms. Tilley provided no testimony, in the form of affidavits or depositions, to establish what actually caused the accident. Neither Ms. Tilley nor the caretaker, who accompanied the minor child to the park on the day of the accident, witnessed the accident. Accordingly, we conclude that Ms. Tilley has not met her burden of proof as the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact as to the element of causation. See La. C.C.P. art. 966(D)(1) and La. R.S. 9:2800(C). Therefore, we find that trial court did not err in granting summary judgment in favor of the City.[4]

---

[4] Accordingly, we pretermit discussion of Ms. Tilley's second assignment of error regarding the applicability of the Recreational Immunity Act, La. R.S. 9:2795, to this matter.

9

## DECREE

Based on the foregoing, the trial court's July 10, 2018 judgment is hereby affirmed. All costs of this matter are assessed to Krystal Tilley.

**AFFIRMED.**