WELCH, J.
Plaintiff appeals a summary judgment dismissing their medical malpractice action against the defendant. For the reasons that follow, we reverse.
FACTUAL AND PROCEDURAL HISTORY
On July 12, 2009, Lori Mariakis presented to the emergency department at North Oaks Hospital in Hammond with severe abdominal and vaginal pain. Ms. Mariakis, who was forty-six years old at the time, had a history of cervical cancer and gastrointestinal bleeding. The emergency department health care providers diagnosed Ms. Mariakis with a flare up of colitis and discharged her that same day with instructions to follow up with her primary care physician or return if symptoms persisted.
Five days later, on July 17, 2009, Ms. Mariakis again presented to the emergency department at North Oaks Hospital with constipation and significant stomach problems. The emergency department health care providers diagnosed Ms. Mariakis with constipation, instructed her to use over-the-counter medication for pain, and discharged her the next morning.
Ms. Mariakis continued to experience stomach problems, and on July 20, 2009, she presented to Lakeview Regional Medical Center in Covington ("Lakeview") where she was placed in intensive care immediately and had four liters of fluid removed from her abdominal cavity. On August 25, 2009, Ms. Mariakis passed away at Lakeview.
Christopher Charles Mariakis and Michael Andrew Mariakis, the sons and heirs of Ms. Mariakis, individually and on behalf of the estate of Lori Hale Mariakis ("plaintiffs"), instituted this medical malpractice action against North Oaks Health System on June 15, 2010, by requesting that a medical review panel be convened pursuant to the Louisiana Medical Malpractice Act.[1] The medical review panel was formed *92 and issued an opinion on December 11, 2012. The unanimous opinion stated, "[t]he evidence does not support the conclusion that North Oaks Medical Center failed to meet the applicable standard of care as charged in the complaint."
Subsequently, on January 18, 2013, Christopher Charles Mariakis ("plaintiff")[2] filed a petition for damages naming North Oaks Health System, a Professional Medical Corporation ("North Oaks") as defendant.[3] Plaintiff alleged that North Oaks breached the applicable standard of care for emergency department physicians and nurses by failing to properly interpret imaging studies and make a proper diagnosis. North Oaks answered the petition, generally denying the allegations of malpractice and asserting numerous affirmative defenses.
In support of the malpractice claims, the plaintiff presented Dr. Thomas Liebermann, a board certified gastroenterologist and internist, as his expert witness.[4] In a Daubert motion[5] filed on August 26, 2016, in accordance with La. C.C.P. art. 1425(F), North Oaks challenged the qualifications and methodology of Dr. Liebermann and sought an order from the trial court excluding his testimony. Following a hearing, the trial court excluded the testimony of Dr. Liebermann on February 15, 2017.[6]
Three months later, on May 16, 2017, North Oaks filed a motion for summary judgment, seeking dismissal of the plaintiff's claims on the basis that the plaintiff had no expert evidence. The defendant asserted that after the trial court excluded Dr. Liebermann's testimony, the plaintiff did not have an expert witness to testify in support of his claims, thus, Plaintiff could not meet his burden of proof at trial, and North Oaks was entitled to summary judgment. North Oaks supported its motion with a certified copy of the medical review panel's opinion and the February 15, 2017 judgment granting North Oaks's Daubert motion that excluded the testimony of Dr. Liebermann. The trial court set the motion for hearing on June 26, 2017.
The plaintiff timely filed a memorandum in opposition to North Oaks's motion for summary judgment on June 15, 2011.[7] Therein, the plaintiff submitted an expert affidavit of Dr. Robert V. West, board *93 certified in the field of emergency medicine. In his affidavit, Dr. West stated, "I have reviewed Lori Mariakis' pertinent medical records" and "based upon my review of these documents ... it is my opinion that the care provided by North Oaks and its physicians and nurses, was more probably than not below the applicable medical standard of care." Dr. West further stated, "the care provided by North Oaks and its physicians and nurses, which fell below the applicable medical standard of care, caused Lori Mariakis injury, damage, and/or death." Dr. West's affidavit also included the following statement, "I specifically reserve the right to supplement or amend this opinion ... with an expert report that provides a further detailed explanation of my expert findings."
In a reply memorandum, filed by North Oaks on June 15, 2017, the defendant objected to the plaintiff's expert's affidavit on the basis that discovery in this matter was closed and that the affidavit was incompetent expert medical evidence, which was insufficient to defeat summary judgment because Dr. West failed to provide any factual support for his opinions.
Following a motion to continue filed by North Oaks, the trial court continued the hearing on the motion for summary judgment until August 7, 2017. Thereafter, on July 18, 2017, more than fifteen days prior to the hearing, the plaintiff filed his supplemental memorandum in opposition to North Oaks's motion for summary judgment, attaching the expert medical report of Dr. West. North Oaks did not object in writing to the plaintiff's supplemental memorandum in opposition, nor to the expert medical report of Dr. West.
Following the August 7th hearing, the trial court granted summary judgment in favor of North Oaks, dismissing the plaintiffs' claims, with prejudice, and signed a judgment in accordance therewith on August 18, 2017.
It is from the August 18, 2017 judgment that the plaintiff has appealed, assigning error to the trial court's determination that summary judgment was appropriate based upon the absence of expert testimony sufficient to demonstrate that the plaintiff would be able to meet his burden of proof on the merits.
LAW AND DISCUSSION
A summary judgment is reviewed on appeal de novo , with the appellate court using the same criteria that govern the trial court's determination of whether summary judgment is appropriate; i.e., whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3) ; Turner v. Rabalais , 2017-0741 (La. App. 1st Cir. 12/21/17), 240 So. 3d 251, 255, writ denied, 2018-0123 (La. 3/9/18), 237 So.3d 1193.
The burden of proof to show that no material factual issues exist is on the mover. However, if the mover will not bear the burden of proof at trial, the mover is not required to negate all essential elements of the adverse party's claim. Rather, the mover must point out to the trial court that there is an absence of factual support for one or more elements essential to the adverse party's claim. Thereafter, the burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. See La. C.C. P. art. 966(D)(1). Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can only be seen in light of the substantive law applicable to the case. Pumphrey v. Harris , 2012-0405 (La. App. 1st Cir. 11/2/12), 111 So.3d 86, 89.
*94 To establish a claim for medical malpractice, a plaintiff must prove the following by a preponderance of the evidence: (1) the standard of care applicable to the defendant; (2) the defendant breached that standard of care; and (3) there was a causal connection between the breach and the resulting injury. La. R.S. 9:2794(A) ; Schultz v. Guoth , 2010-0343 (La. 1/19/11), 57 So.3d 1002, 1006. In motions for summary judgment in the context of medical malpractice, the burden of proof does not require that the medical care provider disprove medical malpractice, but only that the medical care provider raise as the basis of its motion that the plaintiff cannot support his burden of proof at trial to demonstrate medical malpractice. See Samaha v. Rau , 2007-1726 (La. 2/26/08), 977 So.2d 880, 887 ; see also Boudreaux v. Mid-Continent Cas. Co. , 2005-2453 (La. App. 1st Cir. 11/3/06), 950 So.2d 839, 843-44, writ denied, 2006-2775 (La. 1/26/07), 948 So.2d 171. Once the medical care provider has made a prima facie showing that the motion should be granted, then the burden shifts to the plaintiffs to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. See La. C.C.P. art. 966(D)(1) ; see also Samaha , 977 So.2d at 887-88.
It is well established that to meet the burden of proof in a medical malpractice action, the plaintiff generally is required to produce expert medical testimony as a matter of law. Fagan v. LeBlanc , 2004-2743 (La. App. 1st Cir. 2/10/06), 928 So.2d 571, 575. Notably, the jurisprudence recognizes limited exceptions to the requirement of expert testimony in those instances where the claim arises out of an "obviously careless act" from which a lay person can infer negligence. Pfiffner v. Correa , 94-0924 (La. 10/17/94), 643 So.2d 1228, 1233-1234.[8] Moreover, the jurisprudence has held that this requirement of producing expert medical testimony is especially apt when the defendant has filed a motion for summary judgment and supported such motion with expert opinion evidence that the treatment met the applicable standard of care. Boudreaux , 950 So.2d at 844. The opinion of the medical review panel is admissible, expert medical evidence that may be used to support or oppose any subsequent medical malpractice suit. McGlothlin v. Christus St. Patrick Hosp. , 2010-2775 (La. 7/1/11), 65 So.3d 1218, 1226-27. Thus, in order to defeat North Oaks's motion for summary judgment, the plaintiff was required to oppose the motion with competent expert medical evidence, in the form of an expert witness. The plaintiff opposed North Oaks's motion for summary judgment with the expert witness affidavit of Dr. West, and later supplemented his opposition with Dr. West's expert medical report.
We must consider the objection raised in North Oaks's reply memorandum as to whether Dr. West's affidavit should be admitted or considered by the trial court. First, North Oaks objected to Dr. West's affidavit, arguing that it was improper to introduce Dr. West as an expert witness at this point in the litigation because discovery was closed. We reject this argument. The fact that Dr. West first appeared as an expert witness in the plaintiff's opposition to the motion for summary judgment is irrelevant in this instance. The initial discovery deadline in this matter *95 was May 6, 2015, which was later extended to December 21, 2015. Trial was initially scheduled for November 14, 2016, but was later continued to December 11, 2017. In the September 15, 2016 amended scheduling order setting the December 11, 2017 trial, the trial court set the date for the final pre-trial conference, but was silent as to discovery deadlines. It is unclear from the record whether the trial court re-opened the discovery window or whether the parties submitted any discovery requests; however, the plaintiffs initial expert, Dr. Liebermann, was not excluded by the trial court until February 15, 2017. Trial courts enjoy great discretion with regard to modification or enforcement of pretrial orders. See La. C.C.P. art. 1551. Additionally, the trial court's discretion in controlling the admission of expert testimony is well established in Louisiana jurisprudence. See La. C.E. art. 702 ; S. Casing of Louisiana, Inc. v. Houma Avionics, Inc. , 2000-1930 (La. App. 1st Cir. 9/28/01), 809 So.2d 1040, 1055. Where a motion for summary judgment is based on a plaintiff's lack of expert testimony necessary to meet his burden of proof at trial, a substantial injustice occurs when the plaintiff is not permitted to oppose the motion with an expert witness where, as here, the record demonstrates there was no discovery deadline for the continued trial date. See S. Casing of Louisiana , 809 So.2d at 1055.
North Oaks further objected to Dr. West's affidavit, arguing that it failed "to provide any factual support for the opinions Dr. West expresses in the document." North Oaks contended that Dr. West failed to specify which documents he reviewed to reach his opinion, failed to state the standard of care applicable to emergency department health care providers, or failed to provide scientific data to support his opinion. North Oaks asserted that Dr. West's opinion expressed in his affidavit was speculative and conclusory in determining that unspecified breaches caused unspecified damages. North Oaks pointed out that the opinion of the medical review panel was the only qualified expert opinion in this matter.
When an objection to an affidavit in support of or in opposition to a motion for summary judgment is made in accordance with La. C.C.P. art. 966(D)(2), the only issue to be determined is whether that affidavit is in compliance with La. C.C.P. art. 967. See Adolph v. Lighthouse Prop. Ins. Corp. , 2016-1275 (La. App. 1st Cir. 9/8/17), 227 So. 3d 316, 323 (Welch, J., concurring).
Article 967(A) provides, in pertinent part:
Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. The supporting and opposing affidavits of experts may set forth such experts' opinions on the facts as would be admissible in evidence under Louisiana Code of Evidence Article 702, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.
In his affidavit, Dr. West states that he reviewed the "pertinent medical records" of Ms. Mariakis, but he never identifies what records he reviewed. While Dr. West states that "the care provided by North Oaks and its physicians and nurses, was more probably than not below the applicable medical standard of care," and that caused Ms. Mariakis "injury, damage, and/or death," he never states what standard of care was owed to Ms. Mariakis by the North Oaks emergency department. Affidavits that are conclusory with no supporting underlying facts are legally insufficient *96 to defeat a motion for summary judgment. Mere conclusory allegations, improbable inferences, and unsupported speculation will not support a finding of a genuine issue of material fact. Guillory v. The Chimes , 2017-0479 (La. App. 1st Cir. 12/21/17), 240 So.3d 193, 195 ; Charles v. Travelers Indem. Co. , 2015-0956 (La. App. 1st Cir. 5/10/16), 2016 WL 2669821, at *5 (unpublished). Thus, on its face, the plaintiff's expert's affidavit does not meet the requirements of La. C.C.P. art. 967(A).[9]
On July 18, 2017, the plaintiff filed a supplemental memorandum in opposition to motion for summary judgment, attaching to it a medical report signed by Dr. West. Although not attached to an affidavit or sworn to in any way, the plaintiff argues that Dr. West's signed medical report is an extension of his prior-filed affidavit, wherein Dr. West stated, "I specifically reserve the right to supplement or amend this opinion, and further reserve the right to supplement this opinion with an expert report that provides a further detailed explanation of my expert findings." North Oaks did not timely file a written objection to Dr. West's signed medical report in a reply memorandum.
Louisiana Code of Civil Procedure article 966(A)(4) provides that the only documents that may be filed in support of or in opposition to the motion are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions. Louisiana Code of Civil Procedure article 967(A) provides that affidavits may be supplemented by depositions, answers to interrogatories, or by further affidavits. Dr. West's expert medical report does not fall into any of those categories. A document that is not an affidavit or sworn to in any way, or is not certified or attached to an affidavit, has no evidentiary value on a motion for summary judgment. Unifund CCR Partners v. Perkins , 2012-1851 (La. App. 1st Cir. 9/25/13), 134 So.3d 626, 632. However, La. C.C.P. art. 966(D)(2) provides that the court shall consider any documents filed in support of or in opposition to the motion for summary judgment to which no objection is made . Article 966(D)(2) further provides that "[a]ny objection to a document shall be raised in a timely filed ... reply memorandum." The law is well settled that the trial court cannot make credibility determinations, evaluate testimony, or weigh conflicting evidence in making its decision whether to grant or deny a motion for summary judgment. Adolph , 227 So.3d at 321. Thus, since Dr. West's expert medical report was not objected to in accordance with La. C.C.P. art. 966(D)(2), i.e. , by raising the objection "in a timely filed ... reply memorandum," it must be accepted by the court.
In this case, Dr. West's affidavit, which was timely supplemented with his expert medical report without objection, is sufficient to create a genuine issue as to material fact. Based on our review of the report and Dr. West's curriculum vitae detailing his work experience as a licensed doctor specializing in emergency medicine, we find that the plaintiff has produced factual support sufficient to establish the existence of a genuine issue of material fact as to whether the care provided by North Oaks to Ms. Mariakis fell below the *97 applicable standard of care for emergency health care providers, which caused her injury, damages, and death. Dr. West's expert medical report is sufficient to defeat North Oaks's motion for summary judgment.
Based on the foregoing, we vacate the motion for summary judgment in favor of North Oaks, and we remand this matter to the trial court for further proceedings consistent with this opinion. All costs of this appeal are assessed to the defendant/appellee, Hospital Service District No. 1 of Tangipahoa Parish d/b/a North Oaks Health System.
VACATED; REMANDED.

At the time of invocation of the medical review panel, the Louisiana Medical Malpractice Act was set forth in La. R.S. 40:1299.41, et seq. ; however, HCR No. 84 of the 2015 Regular Session redesignated the Act to La. R.S. 40:1231.1, et seq.

Although Michael Andrew Mariakis initially joined his brother as a plaintiff in this lawsuit against North Oaks, by judgment dated October 9, 2015, Michael's claims were dismissed and, thus, he is no longer a party to this suit.

The plaintiff misidentified North Oaks Health System, a Professional Medical Corporation, which is actually Hospital Service District No. 1 of Tangipahoa Parish d/b/a North Oaks Health System ("North Oaks").

The record demonstrates that North Oaks had knowledge that Plaintiff's medical expert was Dr. Liebermann as early as February 9, 2016, wherein it requested leave of court to add allegations to its answer based on Dr. Liebermann's February 21, 2014 deposition testimony.

See Daubert v. Merrell Dow Pharmaceuticals, Inc. , 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993) and State v. Foret , 628 So.2d 1116 (La. 1993) (setting forth the policy for the pretrial assessment of the admissibility of expert testimony).

This ruling is not at issue on appeal.

Louisiana Code of Civil Procedure article 966(B)(2) provides that "[a]ny opposition to the motion and all documents in support of the opposition shall be filed and served in accordance with Article 1313 not less than fifteen days prior to the hearing on the motion." The hearing on North Oaks's motion for summary judgment, originally set for June 26, 2017, was continued until August 7, 2017. The plaintiffs' opposition and supplemental opposition and exhibits were timely filed on June 15 and July 18, 2017.

The Louisiana Supreme Court has listed the following examples of obviously careless acts from which a lay person can infer negligence: fracturing a leg during examination; amputating the wrong arm; dropping a knife, scalpel, or acid on a patient; or leaving a sponge in a patient's body. Id.

As noted, North Oaks objected to the affidavit of Dr. West. Despite the mandate of La. C.C.P. art. 966(D)(2), which provides "[t]he court shall consider all objections prior to rendering judgment. The court shall specifically state on the record or in writing which documents, if any, it held to be inadmissible or declined to consider," the trial court did not expressly rule on North Oaks's objection to Dr. West's affidavit.