STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2019 CA 1555

TERRI LEWIS STEVENS AND JENNIFER FRUCHTNICHT WIFE OF/AND
CRAIG RIVERA

VERSUS

ST. TAMMANY PARISH GOVERNMENT

Judgment Rendered: APR 0 8 2021

* * * * * *

Appealed from the
Twenty-Second Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
Suit Number 2015-10649

Honorable Alan A. Zaunbrecher, Presiding

* * * * * *

Louis R. Koerner, Jr.                    Counsel for Plaintiffs/Appellants
New Orleans, LA                          Terri Lewis Stevens and Jennifer
                                         Fruchtnicht wife of/and Craig Rivera


James L. Bradford, III                   Counsel for Defendant/Appellee
Kirk N. Aurandt                          St. Tammany Parish Government
D. Stephen Brouillette, Jr.
Covington, LA


* * * * * *

BEFORE: GUIDRY, McCLENDON, AND LANIER, JJ.

McClendon, J., concurs. _____
Lanier, J., Dissents in part and assigns reasons.

**GUIDRY, J.**

Plaintiffs, Terri Lewis Stevens and Jennifer Fruchtnicht wife of/and Craig Rivera, appeal from trial court judgments sustaining exceptions filed by defendant, St. Tammany Parish Government (STPG), raising the objections of no cause of action and prescription; granting defendant's motion for summary judgment; denying plaintiffs' motion to disqualify defense counsel; denying plaintiffs' motion for summary judgment; and denying plaintiffs' motion for new trial. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

Plaintiffs own and live on adjoining five-acre tracts of land in St. Tammany Parish, Louisiana, bordering Dove Park Road, a thoroughfare owned and maintained by STPG and which fronts the northern border of Dove Park Subdivision. On February 18, 2015, plaintiffs filed a petition for injunctive relief, for damages and attorney's fees, naming STPG as a defendant and asserting that STPG had caused to be executed a public works project that paved gravel streets in Dove Park Subdivision and altered the drainage, thereby increasing the drainage burden on plaintiffs' property. Plaintiffs also asserted that a proposed widening project by STPG for Dove Park Road would cause further damage. Accordingly, plaintiffs sought damages, permanent injunctive relief, mandamus relief, and a temporary restraining order and a preliminary injunction prohibiting STPG from beginning or continuing work on the Dove Park Road widening project. Plaintiffs thereafter filed several amending petitions adding additional causes of action.

On March 14, 2017, plaintiffs filed a motion to disqualify defense counsel, for protective order, and for sanctions, asserting that defense counsel had *ex parte* communications with Stevens in defense counsel's office, which constituted a violation of Rule 4.2 of the Rules of Professional Conduct.

2

Plaintiffs thereafter filed a motion for summary judgment on April 18, 2017, asserting that they were entitled to summary judgment: (1) permanently prohibiting STPG from trespassing on their property by sending storm water, effluent, and debris onto their property from STPG's outfall drainage culvert; (2) permanently prohibiting STPG from disturbing plaintiffs' peaceful possession by sending storm water, effluent, and debris onto their property; (3) permanently prohibiting STPG from violation of the servitude of natural drain; (4) requiring STPG to remove the outfall drainage culvert entering judgment in favor of plaintiffs establishing the fact of damage to their property from STPG's former drainage ditch and from the outfall drainage culvert/installation; and (5) declaring or otherwise establishing that the works and other acts of STPG have either violated the servitude of natural drain or have increased by acts of man the burden on plaintiffs' property.

On April 28, 2017, plaintiffs filed a Third Amended Petition, which substituted in all respects the original and all amended petitions. Plaintiffs named as defendants STPG; Kellie Rabalais, executive counsel for STPG; Joseph L. Alphonse; Deborah Henton, executive staff counsel in charge of public record responses; and Jean Thibodeaux, former STPG Director of Engineering. Plaintiffs alleged that STPG, over the course of many years and through various public works projects, had increased the drainage burden on plaintiffs' property by causing an increased amount of contaminated drainage, sewage, storm water runoff, effluent, and debris to flow across plaintiffs' property. Particularly, plaintiffs complained that the 2015 Dove Park Road widening project increased the flow of contaminated storm, water runoff, sewage, effluent, and debris onto plaintiffs' property. Plaintiffs asserted the following causes of action: (1) count 1-violation of plaintiffs' natural servitude of drain; (2) count 2-inverse condemnation and violation of plaintiffs' constitutional rights to due process and equal protection; (3) count 3-intentional damage to property; (4) count 4-possessory action; (5) count 5-violation of the

3

Louisiana's Unfair Trade Practices Act (LUTPA); and (6) count 6-violations of the Louisiana Racketeering Act (RICO). The trial court set a show cause hearing regarding plaintiffs' third amending petition for May 18, 2017.

On May 5, 2017, STPG filed a motion for summary judgment as to plaintiffs' original and first and second amended petitions, asserting that plaintiffs' claims were prescribed, were unsupported by the evidence, or lacked legal merit. Thereafter, on May 18, 2017, the trial court allowed the filing of plaintiffs' third amended petition. STPG's motion for summary judgment and plaintiffs' motion to disqualify counsel were set for June 8, 2017. The motion for summary judgment was continued without date, and, after a hearing, the trial court denied plaintiffs' motion to disqualify counsel.

Thereafter, on July 27, 2017, defendants filed an exception raising the objection of no cause of action to plaintiffs' third amended petition with regard to the claims for alleged violations of plaintiffs' constitutional rights, inverse condemnation, unfair trade practices, and the possessory action. On the same date, defendants also filed an exception raising the objection of res judicata as to plaintiffs' RICO claim in their third amended petition. On August 3, 2017, defendants filed an exception raising the objection of prescription as to plaintiffs' third amended petition with regard to plaintiffs' claims regarding violation of their natural servitude of drain, violations of constitutional rights, and intentional damage to property. Specifically, defendants asserted that plaintiffs' claims relating to the 1993, 2001, and 2012 public works were time-barred by La. R.S. 9:5624; plaintiffs' claims that STPG constructed the drainage feature crossing their respective properties was time barred by the prescriptive period of the St. Julien doctrine; and plaintiffs' possessory action was time barred because it was not commenced within one year of any alleged disturbance as required by La. C.C.P. 3658(4).

4

The trial court thereafter held a hearing on defendants' exceptions raising the objection of no cause of action and res judicata. The trial court signed a judgment on September 6, 2017, sustaining the exception raising the objection of res judicata and dismissing plaintiffs' sixth cause of action under RICO; sustaining defendants' exception raising the objection of no cause of action and dismissing plaintiffs' second cause of action for inverse condemnation against the individual defendants only; sustaining defendants' exception raising the objection of no cause of action and dismissing plaintiffs' fifth cause of action for unfair trade practices; and deferring defendants' exception raising the objection of no cause of action regarding plaintiffs' possessory action to be heard in conjunction with defendants' exception raising the objection of prescription.[1] The judgment specifically dismissed the individual defendants from the proceeding with prejudice.

On October 3, 2017, STPG filed a motion to withdraw its motion for summary judgment filed on May 5, 2017, and the trial court subsequently signed an order withdrawing the motion for summary judgment. The trial court held a hearing on plaintiffs' motion for summary judgment on October 19, 2017, following which the trial court signed a judgment on November 27, 2017, denying same.

On March 23, 2018, the trial court signed a scheduling order setting a trial date of August 17, 2018, and established deadlines. By separate order, the trial court ordered all experts to prepare written reports pursuant to La. C.C.P. art. 1425(B).

Thereafter, on May 16, 2018, STPG filed a motion for summary judgment seeking dismissal of plaintiffs' remaining claims (count 1-violation of natural servitude of drain; count 2-inverse condemnation, due process, and equal protection;

---

[1] According to supplemental reasons for judgment filed by the trial court, Thibodeaux also filed an exception raising the objection of no cause of action with regard to plaintiffs' causes of action for unfair trade practices and inverse condemnation on July 6, 2017. The trial court noted that it had sustained the exception filed by Thibodeaux as to both causes of action. However, while the record on appeal does not contain either the exception filed by Thibodeaux or a judgment ruling on the exception, it is apparent that Thibodeaux is no longer a party to this action.

5

count 3-intentional damage to property; and count 4-possessory action). The motion was set for hearing on June 18, 2018. Plaintiffs filed an opposition to the motion on June 4, 2018, including supporting affidavits of Peter Lee, Anthony Cavell, Steve Burnham, and plaintiff, Stevens. STPG filed a reply memorandum on June 11, 2018, objecting to the affidavits, sworn testimony, and exhibits filed by plaintiffs. On June 14, 2018, plaintiffs filed a supplemental memorandum opposing STPG's motion, raising arguments regarding *contra non valentem* and additional arguments regarding the St. Julien Doctrine and their constitutional claims. Plaintiffs also filed a sur-reply memorandum to STPG's reply memo. On June 15, 2018, STPG filed a motion to strike plaintiffs' recently filed pleadings.

At the hearing on June 18, 2018, the trial court struck plaintiffs' supplemental memorandum and sur-reply memorandum as untimely and not specifically allowed by La. C.C.P. art. 966. The trial court also excluded affidavits and exhibits of Peter Lee (because no written report was filed) and Steve Burnham (to the extent his affidavit exceeded the scope of his written report). The trial court also excluded the affidavit and exhibits of Stevens, because the affidavit was essentially all expert opinion testimony and she was neither identified as an expert nor did she file a written report. The trial court overruled the remainder of STPG's objections to plaintiffs' summary judgment evidence. The trial court signed a judgment in conformity with its oral ruling on July 11, 2018.

After noting that STPG's exception raising the objection of prescription had not yet been heard, the trial court set the exception for hearing on July 13, 2018, and continued the summary judgment hearing to that date.

Following a hearing on July 13, 2018, the trial court signed a judgment on August 17, 2018: sustaining STPG's exception of prescription with regard to any and all of plaintiffs' claims arising out of public works projects performed in 1993, 2001, and 2011-2012, and dismissed plaintiffs' claims arising out of those projects

6

with prejudice; denying STPG's exception raising the objection of prescription with regard to plaintiffs' other claims; dismissing plaintiffs' possessory action arising out of public works projects performed in 1993, 2001, 2011-2012; granting STPG's motion for summary judgment with regard to plaintiffs' claims not dismissed by the granting of STPG's exception raising the objection of prescription; and dismissing any and all claims against STPG with prejudice.

Thereafter, on August 27, 2018, plaintiffs filed a motion for new trial asserting that the judgment was contrary to law and the evidence. A hearing was set for October 16, 2018. On September 28, 2018, plaintiffs filed a motion to file a supplement to the motion for new trial, alleging that newly discovered evidence required granting a new trial and attaching numerous exhibits. Plaintiffs also filed an affidavit from Stevens, a motion for leave to file an affidavit from Burnham, and a motion for leave to re-file their June 14, 2018 sur-reply memorandum in support of their motion for new trial and its supplement. STPG opposed plaintiffs' original motion for new trial and moved to strike plaintiffs' second motion for new trial, affidavits, and motion to file sur-reply.

The trial court held a hearing on plaintiffs' motion for new trial on October 16, 2018, wherein the trial court denied plaintiffs' motion to supplement as untimely and denied plaintiffs' request to file affidavits and sur-rebuttal. The trial court subsequently signed a judgment denying plaintiffs' motion for new trial on October 30, 2018.

The plaintiffs filed a motion for devolutive appeal of the August 17, 2018 judgment, of the denial of their motion for new trial, and from any other adverse judgment or order, whether interlocutory or final. Particularly, plaintiffs also seek review of the trial court's ruling denying their motion to disqualify defense counsel, the trial court's November 27, 2017 judgment denying their motion for summary judgment, and the trial court's September 6, 2017 judgment sustaining STPG's

7

exception raising the objection of no cause of action as to their cause of action for violation of LUTPA.

## DISCUSSION

### Motion to Disqualify Defense Counsel

A motion to disqualify counsel requires the court to balance several important factors: (1) the right of a party to retain counsel of his choice and (2) the substantial hardship which might result from disqualification as against the public perception of and the public trust in the judicial system. The disqualification of counsel must be decided on a case-by-case basis. Succession of Armand, 19-751, p. 2 (La. App. 3rd Cir. 2/27/20), 297 So. 3d 37, 40. The burden of proving disqualification of an attorney rests on the party making the challenge. Walker v. State, Department of Transportation and Development, 01-2078, 01-2079, p. 3 (La. 5/14/02), 817 So. 2d 57, 60. The refusal to disqualify an attorney is typically subject to review under the manifest error standard. Succession of Armand, 19-751 at p. 3, 297 So. 3d at 40.

In the instant case, plaintiffs sought to disqualify defense counsel following a March 6, 2017 *ex parte* communication between defense counsel and Stevens when Stevens arrived at the office of defense counsel to deliver a pleading. Rule 4.2 of the Rules of Professional Conduct provides that "[u]nless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order, a lawyer in representing a client shall not communicate about the subject of the representation with … a person the lawyer knows to be represented by another lawyer in the matter[.]"

The dual purposes behind Rule 4.2 are to prevent disclosure of attorney/client communications and to protect a party from liability-creating statements elicited by a skilled interrogator. Jenkins v. Wal-Mart Stores, Inc., 956 F. Supp. 695, 696 (W.D. La. 1997); see also State v. Gilliam, 98-1320, p. 28 (La. App. 4th Cir. 12/15/99), 748 So. 2d 622, 638, writ denied, 00-0493 (La. 9/29/00), 769 So. 2d 1215. In other

8

words, the purpose underlying Rule 4.2 is to protect the sanctity of the attorney-client relationship and by so doing, to safeguard the integrity of the profession and preserve public confidence in our system of justice. Gilliam, 98-1320 at p. 28, 748 So. 2d at 638.

Disqualification is a severe remedy, and many cases in which Rule 4.2 has been violated do not resort to employing it. Clay v. Orleans Parish School Board, No. Civ. A. 04-1555, 2005WL8174183 *1 (E.D. La. May 20, 2005). Disqualification has been used as a remedy when the integrity of the adversarial process is at stake. Clay, 2005WL8174183 at *1. It follows that a violation of professional ethics rules does not alone trigger disqualification; rather, a trial judge should primarily assess the possibility of prejudice at trial that might result from the attorney's unethical act. Papanicolaou v. Chase Manhattan Bank, N.A., 720 F. Supp. 1080, 1083 (S.D.N.Y. 1989).

At the hearing on plaintiffs' motion to disqualify counsel, the trial court reviewed the transcript and recorded audio of the *ex parte* conversation, as well as the applicable law, and found that, while defense counsel did engage in a March 6, 2017 conversation with Stevens contrary to Rule 4.2, he found no evidence of actual harm resulting from the ten-minute conversation. Accordingly, the trial court concluded that disqualification and monetary sanctions were not warranted.

The evidence in the record shows that defense counsel saw Stevens in the lobby of his office when she visited to deliver a motion for new trial. Defense counsel introduced himself to Stevens and asked what brought her to his office. Stevens stated that she was there to deliver a motion for new trial and that they could settle the matter, whereupon defense counsel asked Stevens to have a seat and inquired what she was referring to. Stevens further told defense counsel about her engineering solutions to resolve the drainage issue, which defense counsel disagreed with, and the parties discussed their feelings about the previous trial court judge as

9

well as briefly mentioning the filing of prospective motions for summary judgment by both sides.

After reviewing the substance of the conversation and the applicable law, we find no error in the trial court's determination that plaintiffs failed to prove any harm or prejudice resulting from defense counsel's *ex parte* communication with Stevens, which did not reveal any privileged or confidential information that would prejudice plaintiffs' case. As such, we find no error in the trial court's denial of plaintiffs' motion to disqualify defense counsel.

## No Cause of Action

The function of the peremptory exception raising the objection of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the petition. Truitt v. West Feliciana Parish Government, 19-0808, p. 3 (La. App. 1st Cir. 2/21/20), 299 So. 3d 100, 103. The exception is triable on the face of the pleading, and for the purpose of determining issues raised by the exception, the well-pleaded facts in the pleading must be accepted as true. Greenland v. Greenland, 08-2568, p. 6 (La. App. 1st Cir. 12/9/09), 29 So. 3d 647, 652, writ denied, 10-0004 (La. 3/5/10), 28 So. 3d 1011. In ruling on a peremptory exception raising the objection of no cause of action, the court must determine whether the law affords any relief to the claimant if the factual allegations in the pleading were proven at trial. In reviewing a trial court's ruling sustaining an exception raising the objection of no cause of action, appellate courts conduce a *de novo* review, because the exception raises a question of law, and the trial court's decision is based solely on the sufficiency of the pleading. Greenland, 08-2568 at p. 6, 29 So. 3d at 652.

STPG filed an exception raising the objection of no cause of action as to plaintiffs' fifth cause of action for violation of LUTPA. Specifically, STPG asserted that plaintiffs failed to state a cause of action for which LUTPA provides a remedy

10

because plaintiffs failed to identify what "trade or commerce" STPG was engaged in, that plaintiffs were "consumers" of STPG's alleged commercial activities, or that STPG's alleged commercial activities were fraudulent, misrepresentative, deceptive, or otherwise unethical.

Louisiana Revised Statute 51:1405(A) provides that "[u]nfair methods of competition and unfair or deceptive acts or practices *in the conduct of any trade or commerce* are hereby declared unlawful." (Emphasis added.) Louisiana Revised Statute 51:1402 defines "trade or commerce" as "the advertising, offering for sale, sale, or distribution of any services and any property, corporeal or incorporeal, immovable or movable, and any other article, commodity, or thing of value wherever situated, and includes any trade or commerce directly or indirectly affecting the people of the state."

Plaintiffs' LUTPA claim is found in paragraphs 34-39 of plaintiffs' third amended petition. Most of these paragraphs, however, either contain conclusory allegations or legal conclusions or contain facts that are not related to the statutory definition of "trade or commerce." Furthermore, while plaintiffs attempted to assert that STPG was operating in a "corporate capacity" by its ownership and operation of its drainage assets, these allegations do not state that STPG was distributing services or property to plaintiffs so as to come within the definition of "trade or commerce" contained in La. R.S. 51:1402. Accordingly, absent any factual allegations establishing that STPG was engaged in "trade or commerce" as that term is defined in La. R.S. 51:1402, we find that plaintiffs' petition fails to demonstrate that they would be entitled to relief under LUTPA. Therefore, and we find no error in the trial court's judgment sustaining STPG's exception raising the objection of no cause of action as to this cause of action.

11

**Prescription**

Generally, prescription statutes are strictly construed against prescription and in favor of the claim sought to be extinguished by it. Bailey v. Khoury, 04-0620, p. 9 (La. 1/20/05), 891 So. 2d 1268, 1275. A party urging an exception raising the objection of prescription has the burden of proving facts sufficient to support the exception unless the petition is prescribed on its face. Cichirillo v. Avondale Industries, Inc., 04-2894, p. 5 (La. 11/29/05), 917 So. 2d 424, 428. However, when the face of the petition reveals that the plaintiff's claim has prescribed, the burden shifts to the plaintiff to demonstrate prescription was suspended or interrupted. In re Medical Review Panel for Claim for Moses, 00-2643, p. 6 (La. 5/25/01), 788 So. 2d 1173, 1177. When evidence is introduced at the hearing on a peremptory exception raising the objection of prescription, the trial court's findings are reviewed under the manifest error-clearly wrong standard of review. Babineaux v. State, Department of Transportation and Development, 04-2649, p. 3 (La. App. 1st Cir. 12/22/05), 927 So. 2d 1121, 1123.

In filing its exception raising the objection of prescription, STPG asserted that plaintiffs' claims relating to the 1993, 2001, and 2011-12 public works projects are time-barred by the prescriptive period of La. R.S. 9:5624, having been filed more than two years after the completion of those public works.[2]

Louisiana Revised Statute 9:5624 provides "[w]hen private property is damaged for public purposes any and all actions for such damages are prescribed by the prescription of two years, which shall begin to run after the completion and acceptance of the public works." The purpose of La. R.S. 9:5624 is to limit the exposure of the State and its political subdivisions to liability in connection with a

---

[2] STPG also asserted that plaintiffs' possessory action was time-barred because it was not commenced within one year of any alleged disturbance as required by La. C.C.P. art. 3658. The plaintiffs do not contest the trial court's ruling finding any possessory actions related to the 1993, 2001, or 2011-12 public works were prescribed, and as such, we will not address the trial court's judgment in this regard.

12

public work to a reasonable period of time. Avenal v. State, 03-3521, p. 33 (La. 10/19/04), 886 So. 2d 1085, 1108. In order to fall under the statute, damage must be for "public purposes." Damage is incurred for "public purposes" when the damaging is intentional or occurs as a necessary consequence of the public undertaking. Avenal, 03-3521 at p. 34, 886 So. 2d at 1108-09.

In support of its exception, STPG submitted testimony from Michael Noto, David Zechenelly, and Jean Thibodeaux as to the three public works at issue. Noto, the Assistant Director of Public Works for STPG, stated that STPG entered into a contract for the 2011-2012 public work to overlay roads and perform culvert repair (including Dove Park Road). Noto stated that the work was completed in 2012 and that a notice of acceptance was filed by STPG on July 16, 2012. Thibodeaux stated that in 2001, he was the parish engineer and director of engineering for STPG and that STPG entered into a contract for the paving of streets in Dove Park Subdivision. According to Thibodeaux, the work was completed and accepted by STPG on May 15, 2001. Finally, Zechenelly stated that in 1993, he worked for STPG as a survey crew chief and supervisor over field crews in engineering. Zechenelly stated that the then owner of what is now Stevens' property, Mr. Hughes, gave STPG a temporary construction servitude through what is now Stevens' property to do ditch maintenance. Zechenelly stated that the work was performed by a STPG drainage crew, and that the work was completed on May 30, 1993.

Plaintiffs did not file an opposition to STPG's exception, but the trial court agreed to consider plaintiffs' arguments on prescription contained in their opposition to STPG's defense of prescription contained in STPG's motion for summary judgment. In opposing the motion, plaintiffs asserted that the claims were not prescribed because the fourth type of contra non valentem applied, because none of the owners, current or previous, knew about sewage being redirected onto their property until they received documents in March and April of 2015.

13

The doctrine of *contra non valentem* provides that prescription does not run against one who is ignorant of the facts upon which his or her cause of action is based, and it is an exception to the statutory prescriptive period where, in fact and for good cause, a plaintiff is unable to exercise his cause of action when it accrues. Jackson v. Jefferson Parish Clerk of Court, 07-963, p. 5 (La. App. 5th Cir. 4/15/08), 981 So. 2d 156, 160, writ denied, 08-1150 (La. 10/31/08), 993 So. 2d 219. The fourth category of *contra non valentem*, often referred to as the discovery rule, applies to prevent the running of prescription where the cause of action is not known or reasonably knowable by the plaintiff, even though his ignorance is not induced by the defendant. See Marin v. Exxon Mobil Corp., 09-2368, p. 12 (La. 10/19/10), 48 So. 3d 234, 245. The doctrine of *contra non valentem*, however, only applies in exceptional circumstances. La. C.C. art. 3467, Official Revision Comment (d); Renfroe v. State, Department of Transportation and Development, 01-1646, p. 9 (La. 2/26/02), 809 So. 2d 947, 953.

After reviewing the law and the evidence, the trial court found that the two-year prescriptive period of La. R.S. 9:5624 applied, that the claims for damages arising from the 1993, 2001, and 2011-12 public works were brought well beyond two years following completion and acceptance of those projects, and that exceptional circumstances did not exist to warrant application of the fourth category of *contra non valentem*. From our review of the record and the applicable law, we find no error in the trial court's judgment finding any claims arising from the 1993, 2001, and 2011-12 public works are prescribed.[3]

---

[3] At the hearing on the exception, counsel for plaintiffs raised the issue that plaintiffs' claims were not prescribed based on the continuing tort doctrine. To the extent that this issue was raised on appeal, we find that the supreme court in Avenal specifically addressed this issue and found that the prescriptive period found in La. R.S. 9:5624 is not subject to the continuing tort doctrine. Avenal, 03-3521 at p. 35 n.31, 886 So. 2d at 1109 n.31.

14

## Motion for Summary Judgment

*Standard of Review*

A motion for summary judgment is a procedural device used to avoid a full scale trial when there is no genuine issue of material fact. M/V Resources LLC v. Louisiana Hardwood Products LLC, 16-0758, p. 8 (La. App. 1st Cir. 7/26/17), 225 So. 3d 1104, 1109, writ denied, 17-1748 (La. 12/5/17), 231 So. 3d 624. A motion for summary judgment is properly granted if, after an opportunity for adequate discovery, the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3). In determining whether summary judgment is appropriate, appellate courts review evidence de novo under the same criteria that govern the trial court's determination of whether summary judgment is appropriate. M/V Resources LLC, 16-0758 at p. 9, 225 So. 3d at 1109.

On a motion for summary judgment, the burden of proof is on the mover. Nevertheless, if the mover will not bear the burden of proof on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is then on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that mover is not entitled to judgment as a matter of law. La. C.C.P. art. 966(D)(1). If the adverse party fails to do so, there is no genuine issue of material fact and summary judgment will be granted. McCoy v. Manor, 18-1228, p. 5 (La. App. 1st Cir. 5/9/19), 277 So. 3d 344, 347-48.

Louisiana Code of Civil Procedure article 966(A)(4) now provides that the only documents that may be filed in support of or in opposition to a motion for

summary judgment are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions. The legislative comments to the amended version of Article 966 clarify that subparagraph (A)(4) sets forth the exclusive list of documents that may be filed in support of or in opposition to a motion for summary judgment, and intentionally does not allow the filing of documents that are not included in the exclusive list unless they are properly authenticated by an affidavit or deposition to which they are attached. See La. C.C.P. art. 966, comment (c) (2015); Raborn v. Albea, 16-1468, p. 10 (La. App. 1st Cir. 5/11/17), 221 So. 3d 104, 111.

The court may consider only those documents filed in support of or in opposition to the motion for summary judgment and shall consider any documents to which no objection is made. Any objection to a document shall be raised in a timely filed opposition or reply memorandum. The court shall consider all objections prior to rendering judgment and shall specifically state on the record or in writing which documents, if any, it held to be inadmissible or declined to consider. La. C.C.P. art. 966(D)(2). A trial court is granted broad discretion on its evidentiary rulings, and its determination will not be disturbed on appeal absent a clear abuse of that discretion. Ramus v. KCJS Trucking, LLC, 19-0039, p. 4 (La. App. 1st Cir. 9/27/19), 287 So. 3d 728, 732.

*Evidentiary Rulings*

Prior to the hearing on STPG's motion for summary judgment, STPG objected to the expert affidavits filed by plaintiffs in opposition to STPG's motion and, following a hearing, the trial court signed a judgment excluding most of the affidavits and testimony for failure to provide a written report within the court imposed deadline pursuant to La. C.C.P. art. 1425(B).

16

Louisiana Code of Civil Procedure article 1425 provides, in pertinent part:

(B) Upon contradictory motion of any party or on the court's own motion, an order may be entered requiring that each party that has retained or specially employed a person to provide expert testimony provide a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor and the data or other information considered by the witness in forming the opinions. The parties, upon agreement, or if ordered by the court, shall include in the report any or all of the following: exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

(C) If the court orders the disclosures of Paragraph B of this Article, they shall be made at the times and in the sequence directed by the court. In the absence of directions from the court or stipulation by the parties, the disclosures ordered pursuant to Paragraph B of this Article shall be made at least ninety days before the trial date.... .

In the instant case, the trial court signed a scheduling order setting a trial date of August 17, 2018. By separate order signed March 27, 2018, the trial court ordered all experts to prepare written reports pursuant to Article 1425(B). According to the record, these reports were to be prepared by May 19, 2018. Plaintiffs, however, failed to file any reports for Peter Lee or Stevens and only provided a limited report for Steve Burnham. As such, the trial court excluded the affidavit and testimony of Lee and Stevens in their entirety and excluded the affidavit of Burnham to the extent it exceeded the scope of his timely-filed written report.

Trial courts enjoy great discretion with regard to modification or enforcement of pre-trial orders. Mariakis v. North Oaks Health System, 18-0165, p. 8 (La. App. 1st Cir. 9/21/18), 258 So. 3d 88, 95. Additionally, the trial court has great discretion in controlling the admission of expert testimony. Mariakis, 18-0165 at p. 8, 258 So. 3d at 95. Considering the complexity of this case, the amount of expert testimony to be presented to the trial court, and the fact that the motion for summary judgment was heard approximately one month prior to the scheduled trial date, we do not find

17

that the trial court abused its discretion in excluding the expert affidavits and testimony at issue for failure to file reports as required by Article 1425(B).

*Count 1-Natural Servitude of Drain*

An estate situated below is the servient estate and is bound to receive the surface waters that flow naturally from a dominant estate situated above unless an act of man has created the flow. La. C.C. art. 655. The owner of the servient estate situated below may not do anything to prevent the flow of the water. The owner of the dominant estate situated above may not do anything to render the servitude more burdensome. La. C.C. art. 656.

Accordingly, the owner of the lower lands of two estates can do no act which would impede the natural flow of waters on his lands from those of the higher estate. The owner of the dominant estate may make all drainage works which are necessary to the proper cultivation and to the agricultural development of his estate. To that end, he may cut ditches and canals by which the waters running on his estate may be concentrated, and their flow increased beyond the slow process by which they would ultimately reach the same destination. But, the owner of the dominant estate cannot improve his lands to the injury of his neighbor by diverting waters from their natural flow and concentrating them so as to flow on the lower lands of the servient estate at a point which would not be their natural destination, thus increasing the volume of water which would by natural flow run over or reach any portion of the servient estate, and to thus render the servitude due by the estate below more burdensome. Terrebonne Parish Police Jury v. Matherne, 405 So. 2d 314, 317-18 (La. 1981), cert denied, 456 U.S. 972, 102 S.Ct. 2234, 72 L.Ed.2d 845 (1982).

In support of its motion for summary judgment, STPG presented expert testimony from Jean Thibodeaux and Jay Pittman and testimony from Carnie Block, who owned Stevens' property from 1977-1991, establishing that a natural servitude of drain for surface waters exists across property owned by plaintiffs, flowing from

18

Dove Park Road in a northeasterly direction across plaintiffs' property. Additionally, STPG submitted U.S. Geological Service (USGS) maps dating back to 1968, all of which show contours depicting a fall in elevation from the front of plaintiffs' property on Dove Park Road towards Little Creek in the rear of their property, which according to Thibodeaux and Pittman, is consistent with a conclusion that a natural drain exists from Dove Park Road north across plaintiffs' property.

In opposing STPG's motion for summary judgment, plaintiffs presented the affidavit of its expert, J. Anthony Cavell. Cavell disagreed with the conclusion that the USGS maps support the existence of a natural servitude of drain across plaintiffs' property, running from Dove Park Road north across plaintiffs' property toward Little Creek. However, while Cavell disputed the sufficiency of these maps in establishing that a natural servitude of drain runs north across plaintiffs' property, he failed to offer any opinion to support plaintiffs' contention that a natural servitude of drain runs south to north. Furthermore, to the extent that Cavell asserts that drainage improvements conducted in 1993 on plaintiffs' property changed the character of the natural slope over plaintiffs' property, any claims related to work performed in 1993 have been held to be prescribed.[4] Accordingly, because plaintiffs have not presented any admissible evidence to create a genuine issue of material fact regarding the natural servitude of drain in their favor, summary judgment dismissing Count 1 for violation of plaintiffs' natural servitude of drain is appropriate.

*Count 2-Constituional Claims*

*Inverse Condemnation*

An action for inverse condemnation is available in all cases where there has been a taking or damaging of property where just compensation has not been paid,

---

[4] We note that Cavell did not offer any opinion as to whether the work performed by STPG in conjunction with the 2015 Dove Park Road widening project altered the natural drainage servitude.

without regard to whether the property is corporeal or incorporeal. Baca v. Sabine River Authority, 18-1046, p. 6 (La. App. 1st Cir. 12/27/18), 271 So. 3d 223, 228, writ denied, 19-0149 (La. 3/18/19), 267 So. 3d 95. To establish a claim for inverse condemnation, a party must show that: (1) a recognized species of property right has been affected; (2) the property has been taken or damaged in a constitutional sense; and (3) the taking or damaging of property was for a public purpose under La. Const. Art. 1, §4. Baca, 18-1046 at p. 6, 271 So. 3d at 228.

STPG asserts that the plaintiffs cannot succeed on their inverse condemnation claim related to the 2015 Dove Park Road widening project because they have failed to establish that their property has been taken or damaged as a result of that project. In support of its motion for summary judgment, STPG relied on the testimony of Thibodeaux, who stated that he was the engineer retained by STPG to design the 2015 Dove Park Road widening project and the installation of subsurface drainage for the project. Thibodeaux stated that he did not design any change to the elevation and size of the existing culvert across Dove Park Road at Stevens' property, which had existed since 1957. Thibodeaux further stated that there was no change in the area drained or the volume.

Plaintiffs have failed to present any competent summary judgment evidence demonstrating a genuine issue of material fact that the 2015 Dove Park Road widening project increased the burden on plaintiffs' property or otherwise damaged plaintiffs' property. Accordingly, the trial court was correct in granting summary judgment in favor of STPG, dismissing plaintiffs' inverse condemnation claim.

*Due Process*

Due process under the United States and Louisiana Constitutions prohibits a person from being deprived of life, liberty or property, except by due process of law. U.S. Const. amends V and XIV; La. Const. art. 1, §2. Due process encompasses both substantive and procedural aspects. Procedural due process concerns the means

20

or processes used by the state to effect the deprivation of a fundamental right or property interest. Johnson v. Motiva Enterprises, LLC, 13-305, p. 19 (La. App. 5th Cir. 10/30/13), 128 So. 3d 483, 495, writ denied, 13-2791 (La. 2/14/14), 132 So. 3d 966. Substantive due process may be broadly defined as the constitutional guaranty that no person shall be arbitrarily deprived of his life, liberty, or property. The essence of substantive due process is protection from arbitrary and capricious action. Boudreaux v. Larpenter, 11-0410, p. 13 (La. App. 1st Cir. 6/1/12), 110 So. 3d 159, 170.

STPG asserted that plaintiffs are unable to establish that any action of STPG in connection with the 2015 Dove Park Road widening project deprived plaintiffs of their property rights. Plaintiffs have failed to present any competent summary judgment evidence demonstrating that the project increased the drainage burden on their property or otherwise deprived them of their property rights. Accordingly, STPG was entitled to summary judgment in their favor, dismissing plaintiffs' due process claims.

*Equal Protection*

In Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S. Ct. 1073, 1074, 145 L. Ed. 2d 1060 (2000), the Supreme Court recognized that an equal protection claim under the equal protection clause of the United States Constitution can be brought by a class of one where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment. Louisiana jurisprudence, however, does not recognize an equal protection claim in the context of only a single member, or a class of one plaintiff, under the Louisiana Constitution. Ray v. City of Bossier City, 37,708, pp. 14-15 (La. App. 2nd Cir. 10/24/03), 867 So. 2d 264, 274, writs denied, 03-3254 and 03-3214 (La. 2/13/14), 859 So. 2d 697.

21

In seeking summary judgment on this claim, STPG pointed out that plaintiffs failed to identify any other persons who are "similarly situated" nor did they state how these unidentified persons have been treated differently or that there is no rational basis for any different treatment. From our review of the record, we agree that the plaintiffs have failed to come forward with any evidence in opposition to STPG's motion for summary judgment establishing that they have been treated differently than others similarly situated nor that there is no rational basis for the difference in treatment. Accordingly, we find the trial court was correct in finding STPG was entitled to judgment as a matter of law on plaintiffs' equal protection claim.[5]

*Count 3-Intentional Damage to Property*

Plaintiffs asserted in their third amended petition that STPG intentionally discharged sewage across their property. In seeking summary judgment on this claim, STPG submitted the testimony of Sabrina Schenk, watershed coordinator for STPG since 2004, who stated that STPG does not operate any sewage treatment facilities in the vicinity of plaintiffs' property, that it does not discharge sewage from a parish-owned facility in the vicinity of plaintiffs' property, and that any discharge comes from individual, residential sewage systems, which are permitted, overseen, and enforced by the Louisiana Department of Health. Plaintiffs, however, have offered no evidence to support any contention that STPG, through the 2015 Dove Park Road widening project, intentionally damaged plaintiffs' property or otherwise committed an intentional tort. Accordingly, STPG is entitled to summary judgment

---

[5] Having found that the trial court was correct in granting summary judgment as to plaintiffs' constitutional claims, we likewise find it was correct in granting summary judgment as to plaintiffs' claim under 42 U.S.C. §1983. Brown v. Board of Trustees-Municipal Police Employees' Retirement System, 17-0295, p. 9 (La. App. 1st Cir. 12/18/17), 234 So. 3d 260, 267, writ denied, 18-0102 (La. 3/2/18), 269 So. 3d 711 (42 U.S.C. §1983 does not create substantive rights; instead, it provides a civil remedy for the violation of a person's constitutional rights).

22

as a matter of law on plaintiffs' claims based in intentional tort or asserting STPG intentionally damaged their property.

*Count 4-Possessory Action*

A possessory action is one brought by the possessor of immovable property or of a real right therein to be maintained in his possession of the property or enjoyment of the right when he has been disturbed, or to be restored to the possession or enjoyment thereof when he has been evicted. La. C.C.P. art. 3655. To maintain a possessory action, the possessor must allege and prove that (1) he had possession of the immovable property or real right therein at the time the disturbance occurred; (2) he and his ancestors in title had such possession quietly and without interruption for more than a year immediately prior to the disturbance, unless evicted by force or fraud; (3) the disturbance was one in fact or in law, as defined in La. C.C. art. 3659; and (4) the possessory action was instituted within a year of the disturbance. La. C.C.P. art. 3658.

A disturbance in fact is an eviction, or any other physical act which prevents the possessor of immovable property or of a real right therein, from enjoying the possession quietly, or which throws any obstacle in the way of that enjoyment. Lambert Gravel Company, Inc. v. Parish of West Feliciana, 15-1225, p. 14 (La. App. 1st Cir. 9/20/16), 234 So. 3d 889, 898.

In their third amended petition, plaintiffs alleged that STPG has caused an ever increasing burden on plaintiffs' property of excessive and unlawful sewage-contaminated drainage water. In moving for summary judgment, STPG pointed out that plaintiffs cannot establish that with respect to the 2015 Dove Park Road widening project there was evidence of a disturbance in fact or law.

STPG submitted the testimony of Thibodeaux, who designed the 2015 Dove Park Road widening project, who stated that he maintained the status quo with regard to drainage and the volume of water flowing across plaintiffs' property. Plaintiffs,

23

in response, offered the testimony of Cavell, who asserted that the volume of the flow through the culverts has increased since 1957. However, Cavell's testimony failed to address what effect, if any, the 2015 Dove Park Road widening project had on the volume or flow of water across plaintiffs' property or whether any other "disturbances" resulted from the project. Accordingly, plaintiffs have failed to establish an essential element of their possessory action, and STPG is entitled to summary judgment as a matter of law on plaintiffs' possessory action.

*Denial of Plaintiffs Motion for Summary Judgment*

Plaintiffs also appeal from the trial court's November 27, 2017 interlocutory judgment denying their motion for summary judgment. Plaintiffs motion for summary judgment was based on its contention that STPG was violating the servitude of natural drain. Plaintiffs submitted expert testimony in support of their motion. At the hearing on the motion, plaintiffs' counsel admitted that there were contradictory affidavits in the record regarding dominant versus servient estate, and counsel further acknowledged that such an issue was a question of fact. Given the admittedly conflicting evidence before the trial court at the hearing on plaintiffs' motion for summary judgment[6], we find no error in the trial court's judgment denying summary judgment.[7]

## Motion for New Trial

A new trial shall be granted, upon contradictory motion, when the verdict or judgment appears clearly contrary to the law and the evidence or when the party has

---

[6] We note that plaintiffs' motion for summary judgment was heard and decided prior to the motion for summary judgment filed by STPG. As such, the evidence submitted and considered in conjunction with plaintiffs' motion for summary judgment was not the same as the evidence considered by the trial court in conjunction with STPG's motion for summary judgment.

[7] In their appellate brief, plaintiffs address alleged violations by STPG of the Clean Water Act and other violations of permitting laws. However, these claims are not contained within plaintiffs' third amended petition and argument on these issues were not raised in the trial court in conjunction with either plaintiffs' or STPG's motion for summary judgment. Accordingly, we find these issues are not properly before the court on appeal. See Segura v. Frank, 93-1271 (La. 1/14/94), 630 So. 2d 714, 725 (appellate courts will not consider issues raised for the first time on appeal).

discovered, since the trial, evidence important to the cause, which he could not, with due diligence, have obtained before or during trial. La. C.C.P. art. 1972. A new trial may also be granted in any case if there is good ground therefor, except as otherwise provided by law. La. C.C.P. art. 1973. The standard of review of a judgment on a motion for new trial, whether peremptory or discretionary, is that of abuse of discretion. Thomas v. Comfort Center of Monroe, LA, Inc., 10-0494, p. 18 (La. App. 1st Cir. 10/29/10), 48 So. 3d 1228, 1240.

To meet his burden of proof on a motion for new trial based on newly discovered evidence, the mover must show that such evidence (1) is not merely cumulative; (2) would tend to change the result of the case; (3) was discovered after trial; and (4) could not, with due diligence, have been obtained before or during trial. Thomas, 10-0494 at pp. 18-19, 48 So. 3d at 1240. A motion for new trial based on being contrary to the law and the evidence is directed at the accuracy of the fact finder's factual determinations and must be viewed in that light. Therefore, the judgment should not be set aside if it is supported by any fair interpretation of the evidence. See Davis v. Wal-Mart Stores, Inc., 00-0445, p. 10 (La. App. 1st Cir. 11/28/00), 774 So. 2d 84, 93.

In the instant case, plaintiffs filed a motion for new trial on August 27, 2018, asserting that on May 16, 2018, they received STPG's memorandum and 709 pages of exhibits. Plaintiffs asserted due to the volume of material and new issues raised and documents provided, the trial court should have granted a continuance. Plaintiffs also asserted that the trial court's judgments excluding plaintiffs' expert testimony, sustaining the exception raising the objection of no cause of action as to their LUTPA claims, and sustaining the exception raising the objection of prescription and granting STPG's motion for summary judgment were contrary to the law and evidence.

25

Thereafter, on September 28, 2018, plaintiffs filed a motion to file a supplement to the motion for new trial, alleging that newly discovered evidence required granting a new trial and attaching numerous exhibits. Plaintiffs also filed an affidavit from Stevens, a motion for leave to file an affidavit from Burnham, and a motion for leave to re-file their June 14, 2018 sur-reply memorandum in support of their motion for new trial and its supplement.

At the hearing on plaintiffs' motion for new trial, the trial court found that there was no legal authority for the filing of such documents, and the court specifically noted that permitting such was contrary to the strict compliance with the timeliness mandated for filing motions for new trial contained in La. C.C.P. art. 1974. The trial court further found that the title of the pleadings did not accurately reflect its content or its intent. The trial court found that the supplement was fundamentally different from plaintiffs' timely filed motion for new trial and sought to introduce newly acquired affidavits from purported experts not referenced in the original motion. Accordingly, the trial court denied plaintiffs' motion to supplement as untimely and denied plaintiffs' request to file affidavits and sur-rebuttal.

Additionally, the trial court the found that (1) the cut off dates for the motion for summary judgment were set at the scheduling conference, with counsel present and where dates were approved, and plaintiffs did not seek any continuance or extension; (2) the substance of STPG's motion for summary judgment was virtually identical to the content of the motion for summary judgment it filed a year earlier and voluntarily withdrew; (3) the 709 pages of exhibits do not appear to contain anything not already in plaintiffs' possession for months or years before; and (4) the granting of the exception raising the objection of prescription and motion for summary judgment were not clearly contrary to the law and evidence. The trial court held that the plaintiffs had not shown any new evidence that could not have been obtained by due diligence prior to or during trial, nor that any purported evidence

26

would tend to change the result of the case. Thus, the trial court concluded, the plaintiffs had shown no good grounds for the court to exercise its discretion and grant a new trial.

From our review of the record, we find of no abuse of the trial court's discretion in denying plaintiffs' motion to file supplement to its motion for new trial and in denying plaintiffs' new trial motion.

## CONCLUSION

For the foregoing reasons, we affirm the September 6, 2017 judgment sustaining STPG's exception raising the objection of no cause of action as to plaintiffs' LUTPA cause of action; the November 27, 2017 judgment denying plaintiffs' motion for summary judgment; the July 11, 2018 judgment excluding plaintiffs' expert testimony; the August 17, 2018 judgment sustaining STPG's exception raising the objection of prescription and granting STPG's motion for summary judgment; and the October 30, 2018 judgment denying plaintiffs' motion for new trial. All costs of this appeal are assessed to plaintiffs, Terri Lewis Stevens and Jennifer Fruchtnicht Rivera wife of/and Craig Rivera.

**AFFIRMED.**

TERRI LEWIS STEVENS AND
JENNIFER FRUCHTNICHT WIFE
OF/AND CRAIG RIVERA

2019 CA 1555

VERSUS

COURT OF APPEAL

ST. TAMMANY PARISH
GOVERNMENT

FIRST CIRCUIT

STATE OF LOUISIANA

BEFORE: GUIDRY, McCLENDON, AND LANIER, JJ.

LANIER, J., AGREEING IN PART, DISSENTING IN PART, AND
ASSIGNING REASONS.

On the issue of STPG's motion for summary judgment, I disagree with the portion of the majority opinion that affirmed the trial court's grant of summary judgment dismissing plaintiffs' claim that the 2015 Dove Park Road widening project violated plaintiffs' natural servitude of drain. The majority posits that plaintiffs' expert, J. Anthony Cavell, "did not offer any opinion as to whether the work performed by STPG in conjunction with the 2015 Dove Park Road widening project altered the natural drainage servitude." However, after reading the affidavit in question, I am of the opinion that Mr. Cavell has called into question many issues of fact surrounding the Dove Park Road project and how it affected plaintiffs' natural servitude of drain.

The law is well settled that the trial court cannot make credibility determinations, evaluate testimony, or weigh conflicting evidence in making its decision whether to grant or deny a motion for summary judgment. **Mariakis v. North Oaks Health System**, 2018-0165 (La. App. 1 Cir. 9/21/18), 258 So.3d 88, 96. Although Mr. Cavell's affidavit may be lacking in some specificity, it is apparent here that weighing of the evidence by the trial court was essential for resolution of the issue. Moreover, it should be noted that plaintiffs' motion for summary judgment on the issue of whether STPG was violating the servitude of natural drain was denied

by the trial court based on contradictory affidavits and conflicting evidence in the record regarding dominant versus servient estate.

For these reasons, I respectfully dissent from the portion of the majority opinion that affirmed the trial court's grant of summary judgment dismissing plaintiffs' claim that the 2015 Dove Park Road widening project violated plaintiffs' natural servitude of drain. I agree with the majority opinion in all other respects.