STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2023 CA 1016

JOSEPH BARTLETT

VERSUS

A-1 SERVICE COMPANY OF HOUMA, LLC, SUGARLAND
SHOPPING CENTER ASSOCIATES, LLC, FAMILY DOLLAR
STORES OF LOUISIANA, INC. AND ABC INSURANCE COMPANY

*Judgment Rendered:* APR 1 7 2024

********

Appealed from the
17th Judicial District Court
In and for the Parish of Lafourche
State of Louisiana
Case No. C-132317

The Honorable Marla M. Abel, Judge Presiding

********

| | |
|---|---|
| Richard E. Wilson<br>Lake Charles, Louisiana | Counsel for Plaintiffs/Appellants<br>Barrett Bartlett and Courtney Bartlett<br>Collins on behalf of their deceased father,<br>Joseph Bartlett |
| Adam J. Boyer<br>R. Todd Musgrave<br>New Orleans, Louisiana | Counsel for Defendant/Appellee<br>A-1 Service Company of Houma, LLC |
| Bruce S. Johnston<br>Metairie, Louisiana | Counsel for Defendants/Appellees<br>Sugarland Shopping Center Associates,<br>LLC and Family Dollar Stores of<br>Louisiana, Inc. |

********

BEFORE: GUIDRY, C.J., CHUTZ, AND LANIER, JJ.

**LANIER, J.**

In this slip and fall action, plaintiffs challenge the trial court's judgment granting defendants' summary judgment and dismissing their claims with prejudice. We reverse and remand.

## FACTS AND PROCEDURAL HISTORY

Plaintiff, Joseph Bartlett, alleged that he sustained injuries outside of the Family Dollar Store in Raceland, Louisiana. Mr. Bartlett described the incident in his petition as slipping and falling in the parking lot of the shopping center "when his feet slipped out from under him and he fell on his back in wet tar which was being painted onto the blacktop of the parking area." Mr. Bartlett thereafter filed a petition for damages, naming as defendants A-1 Service Company of Houma, LLC (A-1), the company responsible for re-tarring the parking lot; Sugarland Shopping Center Associates, LLC (Sugarland), the shopping center that owned the parking lot; and Family Dollar Stores of Louisiana, Inc. (Family Dollar). Over three years after this incident, Mr. Bartlett died from unrelated causes.[1] Subsequently, his children, Barrett Bartlett and Courtney Bartlett Collins, moved to be substituted as party plaintiffs (plaintiffs).

In response to Mr. Bartlett's petition, A-1 filed a motion for summary judgment, asserting there is no genuine issue of material fact with respect to liability because plaintiffs are unable to prove that a defect/condition of the parking lot presented an unreasonable risk of harm to Mr. Bartlett and, therefore, plaintiffs cannot carry their burden of proof.[2] A-1 maintained the "active" construction area in the parking lot was clearly visible, marked with "large construction barrels, large machinery, and construction workers." A-1 argued it had no duty to protect/warn Mr. Bartlett of the construction/tar in the parking lot as it was "open

---

[1] Mr. Bartlett gave his deposition testimony prior to his death.

[2] Two years prior, A-1 filed a motion for summary judgment raising these identical arguments. Said motion was continued without date by agreement of the parties.

2

and obvious" to all and did not present an unreasonable risk of harm. In support of its motion, A-1 submitted a copy of Mr. Bartlett's deposition and a copy of the petition for damages.[3]

In response, the plaintiffs filed a cross motion for summary judgment, seeking a denial of A-1's motion for summary judgment. In its motion, which also served as an opposition to A-1's motion for summary judgment, plaintiffs disputed A-1's position that the parking lot was an open and obvious risk, that it was an active construction site, or that there were any warning signs near the entrance/exit of Family Dollar. Plaintiffs maintained there were no workers actively spraying tar on any part of the parking lot when Mr. Bartlett walked out of Family Dollar. Plaintiffs acknowledged the adjoining lot—waiting to be sprayed—contained some equipment but disputed that work was being done or tar was being sprayed. Plaintiffs argued that A-1 breached its duty to warn of a hazardous condition it created and that the failure to warn was a "but-for cause" of the accident and Mr. Bartlett's injuries. In support of their motion, plaintiffs submitted the Lafourche

---

[3] Referenced in Mr. Bartlett's deposition is a photograph that allegedly shows the condition of the parking lot on the day of the incident. Said photo was attached to the deposition when it was initially submitted by A-1 in support of its original motion for summary judgment. However, according to our review of the record, the photograph was not attached to the copy of Mr. Bartlett's deposition that was submitted in support of the motion for summary judgment that is before us now. Prior to its amendment in 2023, La. Code Civ. P. art. 966 provided that parties were required to file their supporting documents with the motion and memorandum in order for such supporting documents to be considered; references to documents elsewhere in the record were not permissible. La. Code Civ. P. art. 966(D)(2); see La. Code Civ. P. art. 966, Comments—2015 Comment (k) (noting that the 2015 revision made it clear that the court can only consider documents filed in support of or in opposition to the motion, which differs from the Federal Rules of Civil Procedure Rule 56(c)(3), which allows the court to consider other materials in the record); see also **Troncoso v. Point Carr Homeowners Association**, 2022-0530 (La. App. 1 Cir. 1/10/23), 360 So.3d 901, 914-915 (discussing former Article 966(A)(4) and (D)(2)). However, Article 966, as amended, now permits such supporting documents to be "filed or referenced" and mandates that a trial court shall consider only those documents "filed or referenced" in support of or in opposition to a motion for summary judgment. See La. Code Civ. P. art. 966(A)(4)(a) and (D)(2) as amended by 2023 La. Acts No. 317, §1. This court recently decided that the 2023 amendments to Article 966(A)(4) and (D)(2) are substantive because they changed the law by creating an alternative means by which a party may have their supporting documents considered in support of and in opposition to a motion for summary judgment and as such, created additional duties for a party seeking to reference supporting documents. **Ricketson v. McKenzie**, 2023-0314 (La. App. 1 Cir. 10/4/23), --- So.3d ---, 2023 WL 7037495, *4. Accordingly, we apply the version of Article 966(D)(2) that was in effect at the time of the hearing in this matter, and our *de novo* review will not include the photograph submitted by A-1.

3

Parish Sheriff's Office incident report, photographs of the parking lot, and a surveillance video.[4] Plaintiffs alleged this evidence supported a finding that it was not until after Mr. Bartlett's accident that measures were taken to rope off the parking lot and the entrance/exit of Family Dollar.

Sugarland and Family Dollar filed a motion for summary judgment adopting A-1's arguments regarding the open and obvious nature of the condition of the parking lot. Sugarland and Family Dollar asserted further there was no genuine issue of material fact with respect to their liability because plaintiffs cannot produce any evidence of negligence on their part or any evidence they were in custody or control of the parking lot and the project to resurface it at the time of the incident. In support of this motion, the parties attached a copy of the contract between A-1 and Sugarland to overlay the parking lot in question with asphalt/tar.

The trial court heard arguments on all of the summary judgment motions, at which time counsel for A-1 objected, for the first time, to the submission of the surveillance video stating: "[I]t's not attached to the affidavit. It's not attached to any deposition testimony. There's nothing authenticating it." For the same reasons, counsel for A-1 objected to the submission of the contract by Sugarland and Family Dollar filed in support of their motion for summary judgment. The trial court ruled that both the video and the contract were inadmissible summary judgment evidence pursuant to La. Code Civ. P. art. 966(A)(4).

Counsel for all parties then proceeded to argue the merits of the summary judgment motions. Citing **Bufkin v. Felipe's Louisiana, LLC,** 2014-0288 (La. 10/15/14), 171 So.3d 851, the trial court ruled in favor of A-1, Sugarland, and Family Dollar, finding the condition of the parking lot was an open and obvious hazard and, thus, there was no duty to warn. The trial court granted summary

---

[4] According to the record, all of this evidence was provided by the Lafourche Parish Sheriff's Department in response to a public records request by plaintiffs.

judgment in favor of A-1, Sugarland, and Family Dollar, denied plaintiffs' cross motion for summary judgment, and dismissed, with prejudice, all of plaintiffs' claims.[5] The trial court signed a judgment in accordance with its findings on May 12, 2023.

Following the trial court's rulings on the summary judgments, plaintiffs timely filed a motion for new trial, arguing the trial court failed to consider their summary judgment evidence in contravention of the express dictates of Louisiana law and jurisprudence. Plaintiffs cited the recent decision in **Farrell v. Circle K Stores, Inc.**, 2022-00849 (La. 3/17/23), 359 So.3d 467, as clarifying the law on the defense of "open and obvious" in slip and fall cases on summary judgment. The trial court denied the motion.

Plaintiffs appeal, assigning the following specifications of error for our review:

> 1. The trial court erred by granting A-1's summary judgment when a genuine issue of material fact existed as to the condition of the parking lot in which Mr. Bartlett slipped and fell.
>
> 2. The trial court erred when it struck the surveillance video attached to Mr. Bartlett's cross motion for summary judgment and opposition, when the objection was untimely.
>
> 3. The trial court erred when it granted A-1's motion for summary judgment by relying on jurisprudence that has now been overruled by the Louisiana Supreme Court.
>
> 4. The trial court erred when it held that plaintiffs failed to file any opposition to A-1's motion for summary judgment.
>
> 5. The trial court erred when it denied the motion for new trial.

**EVIDENTIARY ISSUE**

Initially, we address the error by the trial court in granting A-1's objection to the surveillance video submitted by plaintiffs in support of their cross motion for summary judgment and opposition to A-1's motion for summary judgment. At the

---

[5] The trial court granted summary judgment in favor of Sugarland and Family Dollar only to the extent that the parties adopted and reiterated A-1's motion for summary judgment.

time of the summary judgment hearing in this matter, Article 966(D)(2) provided that the court shall consider any documents filed in support of or in opposition to the motion for summary to which no objection is made. Article 966(D)(2) further provided "[a]ny objection to a document shall be raised in a timely filed opposition or reply memorandum." As previously indicated, A-1 first objected to the video at the hearing before the trial court. Therefore, A-1's evidentiary objection was not presented in accordance with Article 966(D)(2), *i.e.*, by raising the objection "in a timely filed opposition." Accordingly, the trial court was mandated to consider the surveillance video in its review of the summary judgment evidence.[6] See **Mariakis v. North Oaks Health System**, 2018-0165 (La. App. 1 Cir. 9/21/18), 258 So.3d 88, 96.

Moreover, as previously indicated, plaintiffs also submitted the Lafourche Parish Sheriff's Office incident report and photographs of the parking lot in support of its cross motion for summary judgment and opposition to A-1's motion for summary judgment. These exhibits, much like the surveillance video, are not included in the exclusive list of documents that may be filed in support of a motion for summary judgment pursuant to Article 966(A)(4), nor have they been properly authenticated by an affidavit or deposition to which they are attached. See La. Code Civ. P. art. 966, comments - 2015, comment (c). However, as with the video, there was no timely objection. Thus, we will include the incident report and photographs in our review.

## SUMMARY JUDGMENT

Summary judgment procedure is favored and "is designed to secure the just, speedy, and inexpensive determination of every action" and "shall be construed to

---

[6] As we have determined it was error for the trial court to exclude the surveillance video from its review below, we would have included the video in our *de novo* review of the record were we able to view the video. However, much like the trial court, we are unable to view the video in its current format.

6

accomplish these ends." La. Code Civ. P. art. 966(A)(2). In reviewing the trial court's decision on a motion for summary judgment, this court applies a *de novo* standard of review using the same criteria applied by the trial courts to determine whether summary judgment is appropriate. **Short v. RaceTrac Petroleum, Inc.,** 2022-0859 (La. App. 1 Cir. 2/24/23), 361 So.3d 1051, 1058, writ denied, 2023-00535 (La. 6/7/23), 361 So.3d 973.

The initial burden of proof is on the mover. If the mover will not bear the burden of proof at trial, the mover's burden does not require him to negate all essential elements of the adverse party's claim, but only to point out to the court the absence of factual support for one or more of the elements necessary to the adverse party's claim. Thereafter, the burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. La. Code Civ. P. art. 966(D)(1). If the non-moving party fails to produce sufficient factual support in its opposition that proves the existence of a genuine issue of material fact, Article 966(D)(1) mandates the granting of the motion for summary judgment. See **Babin v. Winn-Dixie Louisiana, Inc.,** 2000-0078 (La. 6/30/00), 764 So.2d 37, 40 (per curiam); **Jenkins v. Hernandez,** 2019-0874 (La. App. 1 Cir. 6/3/20), 305 So.3d 365, 371, writ denied, 2020-00835 (La. 10/20/20), 303 So.3d 315.

In ruling on a motion for summary judgment, the trial court's role is not to evaluate the weight of the evidence or determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. **Short,** 361 So.3d at 1059. Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. *Id.*

7

## LAW AND ANALYSIS

Plaintiffs assert claims against A-1, Sugarland, and Family Dollar under La. Civ. Code arts. 2315, 2316, 2317, and 2317.1. Article 2315(A) states: "Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." Article 2316 states: "Every person is responsible for the damage he occasions not merely by his act, but by his negligence, his imprudence, or his want of skill." Article 2317 states: "We are responsible, not only for the damage occasioned by our own act, but for that which is caused by ... the things which we have in our custody." Article 2317.1, which governs negligence claims against a property owner or custodian, provides, in pertinent part:

> The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care.

Whether a claim arises in negligence under Article 2315 or in premises liability under Article 2317.1, the traditional duty/risk analysis is the same. **Farrell**, 359 So.3d at 473.

In **Farrell**, the Louisiana Supreme Court reversed the trial court's ruling denying the defendant's motion for summary judgment in a premises liability suit that was filed after the plaintiff slipped and fell while trying to traverse a large puddle of water at the edge of a gas station parking lot. In its analysis, the Louisiana Supreme Court cleared up the admitted confusion in the jurisprudence surrounding the application of the duty/risk analysis when assessing an allegedly unreasonably dangerous condition in general negligence or premises liability claims. *Id.* at 478.

The **Farrell** court first reaffirmed the well-settled rule that under the duty/risk analysis, a plaintiff must prove five separate elements: (1) the defendant

8

had a duty to conform his conduct to a specific standard (the duty element); (2) the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of duty element); and (5) proof of actual damages (the damages element). *Id.* at 473 (citing **Malta v. Herbert S. Hiller Corp.**, 2021-00209 (La. 10/10/21), 333 So.3d 384, 395). If the plaintiff fails to prove any one element by a preponderance of the evidence, the defendant is not liable. **Mathieu v. Imperial Toy Corp.**, 94-0952 (La. 11/30/94), 646 So.2d 318, 326.

The **Farrell** court then explained that Louisiana's jurists have exhibited a tendency to conflate the duty and the breach elements when evaluating an allegedly unreasonably dangerous condition. The duty element, which is a question of law, examines whether there is any legal support for plaintiff's claim that defendant owed him a duty. Here, Articles 2315, 2316, 2317, and 2317.1 require the custodian of immovable property to discover any unreasonably dangerous condition on his premises and either correct the condition or warn potential victims of its existence. **Farrell**, 359 So.3d at 473-474. Following **Farrell**, we find that Sugarland and Family Dollar owed such a duty to Mr. Bartlett and any other invitees to the premises that day. Moreover, with regard to construction projects, it is the duty of the one doing construction work to properly label, mark, or barricade places in a construction site that present an unreasonable risk of harm to persons using the area. **Sullivan v. Gulf States Utilities Co.**, 382 So.2d 184, 187 (La. App. 1 Cir.), writ denied, 384 So.2d 447 (La. 1980). In the instant case, A-1 owed such a duty to Mr. Bartlett.

Whether there is a *breach* of that duty is a mixed question of fact and law, which we assess through application of the risk/utility balancing test by evaluating:

9

(1) the utility of the complained-of condition; (2) the likelihood and magnitude of harm, including the obviousness and apparentness of the condition; (3) the cost of preventing the harm; and (4) the nature of the plaintiff's activities in terms of social utility or whether the activities were dangerous by nature. **Farrell**, 359 So.3d at 474. As the court in **Farrell** held, if reasonable minds could only agree that the condition was not unreasonably dangerous, summary judgment may be granted based on the absence of liability as the plaintiff would be unable to prove the breach element at trial. *Id.* at 478.

Whether summary judgment is appropriate in the instant case turns on the second prong of the risk/utility balancing test, which addresses the likelihood and magnitude of the harm, including whether a condition is open and obvious. This factor asks the degree to which the condition will likely cause harm. If it is likely to cause harm, that weighs in favor of finding it unreasonably dangerous. If it is unlikely to cause harm, that weighs in favor of it not being unreasonably dangerous. The magnitude of the harm asks whether the condition presents a risk of great or small injury and the likelihood of each. The likelihood and magnitude of the harm includes a consideration of the open and obviousness of the condition. *Id.* at 474.

In this case, the alleged unreasonably dangerous condition is that fresh tar was being sprayed on the parking lot surface and that patrons were not warned of the potential danger of traversing the parking lot. The only evidence before the trial court on the motion for summary judgment was a copy of the petition for damages and the deposition testimony of Mr. Bartlett. According to Mr. Bartlett, he was in Raceland for work and stopped at the Family Dollar to buy chewing gum. Mr. Bartlett stated he had been to Raceland before but never to this particular store. On the day in question, he parked approximately 100 feet away from the entrance to the store. When asked if he parked directly in front of the

10

store or if he remembered walking directly straight up to entrance of the store, Mr. Bartlett replied, "I think so, but I'm not positive." Mr. Bartlett indicated he was alone and did not recall seeing any other individuals in the parking lot as he entered the store. He did not remember seeing any construction workers in the parking lot as he entered the store, nor did he remember seeing anyone spraying tar as he was walking into the store. Mr. Bartlett testified further he did not remember seeing any caution tape or cones in the area. Mr. Bartlett stated he did not notice wet tar in the parking lot, adding that if he were "looking for it," he would have noticed the difference between wet tar and dry tar.

Mr. Bartlett indicated he was in the store for approximately ten minutes, adding he did not purchase anything other than the chewing gum. As he was walking back to his truck, he "stepped in some wet tar, ... slipped[,] ... [his] feet flew out from underneath [him], and [he] landed on [his] back." Mr. Bartlett stated the path he took when he exited the store "should have been close" to the path he took entering the store. No one alerted Mr. Bartlett to the wet tar in the parking lot prior to his fall. After he fell, a construction worker approached him from his right side and asked him if he was alright. Mr. Bartlett replied "I'm not sure" and asked why there was no one to warn store patrons not to walk in that area. Mr. Bartlett was then able to get up and walk back to the Family Dollar, and, with the help of two store employees, went to the restroom to clean the tar from his body and clothing. An ambulance transported Mr. Bartlett to a local hospital, where he remained for approximately an hour to an hour and a half for x-rays of his back. He then walked, with "a little bit" of difficulty, about ten minutes from the hospital to the Family Dollar to get back to his truck so that he could continue his day.

In their cross motion for summary judgment/opposition to A-1's motion for summary judgment, plaintiffs argued A-1 had a duty to warn of the hazardous condition created by the wet tar in the parking lot, which plaintiffs alleged was

11

"essentially an invisible danger." According to plaintiffs, A-1 could have satisfied this duty to warn in "very little time" and "without losing any productivity" as is depicted by the surveillance video that shows the crew continuing to spray new tar on the other part of the parking lot while caution tape and warning signs were being erected near the entrance to Family Dollar, all of which occurred after Mr. Bartlett's fall.

In addition to the surveillance video, plaintiffs submitted Lafourche Parish Sheriff's Deputy Kendra Danos' incident report, along with five photographs.[7] In addition to obtaining Mr. Bartlett's statement about the incident, Deputy Danos spoke with several other people at Family Dollar. Lana Lundy advised Deputy Danos that although she did not see Mr. Bartlett fall, she did notice the wet, tar-like substance on the back of his pants as he walked back into the store. When Mr. Bartlett was in the restroom cleaning up, Ms. Lundy observed workers in the parking lot "place caution tape along the entrance of the stores where they meet the blacktop" so that patrons could not walk straight out of a store and onto the blacktop. Ms. Lundy added that while there were cones on the "outer side of the section they were working," the parking lot was not taped off, and there were no warnings when you left the establishments.

Deputy Danos also made contact with Rain Chavez who indicated that as he was leaving work, he observed Mr. Bartlett slip and fall in the parking lot directly in front of the Family Dollar. Mr. Chavez stated there was no caution tape along the border of the parking lot or at the entrance of the stores.

Deputy Danos spoke with Bryce Coleman who told Deputy Danos there were workers standing around the store advising patrons not to walk on the

---

[7] Following its review, the trial court appeared to rely heavily on the photographs, finding they "show that the parking lot was essentially barricaded in that there were construction cones ... [and] there was caution tape between the construction cones." Our review of these poorly reproduced photographs does not leave us with a clear picture of the parking lot and the surrounding area at the time of Mr. Bartlett's fall.

12

blacktop. In fact, Mr. Coleman indicated he advised Mr. Bartlett not to walk on the blacktop because the tar was wet. Still, Mr. Bartlett "just ignored him and kept walking." Mr. Coleman added that the caution tape was in place before the accident.

In **Farrell**, the supreme court clarified that for "a hazard to be considered open and obvious, it must be one that is open and obvious to all who may encounter it. The open and obvious concept asks whether the complained of condition would be apparent to any reasonable person who might encounter it." **Farrell**, 359 So.3d at 478. Furthermore, while a plaintiff's knowledge is appropriate for assessing fault and potential comparative fault, it is not appropriate for summary judgment proceedings. *Id.* Based on the evidence, we cannot find that the likelihood and magnitude of harm resulting from the complained of condition, as described that day by Mr. Bartlett, was readily apparent to all who may have encountered it. Defendants failed to meet their initial burden on the motion for summary judgment, and genuine issues of material fact remain as to whether a duty was breached. Thus, summary judgment was not appropriate.[8]

## DECREE

For the assigned reasons, we reverse, in its entirety, the trial court's May 12, 2023 judgment and remand for further proceedings. We assess all costs associated with this appeal equally amongst appellees, A-1 Service Company of Houma, LLC, Sugarland Shopping Center Associates, LLC, and Family Dollar Stores of Louisiana, Inc.

**REVERSED AND REMANDED.**

---

[8] Given our ruling, we pretermit any further discussion of plaintiffs' remaining arguments on appeal.

13